## Greenberg, Appellant, v. The First Mortgage Guarantee & Trust Co.

*Equity—Equity jurisdiction — Contracts — Breach — Adequate
remedy at law.*

1. Where a bill in equity alleged that plaintiff had entered into
an agreement with defendant trust company, whereby plaintiff was
to advance $52,000 to a third party to assist in a building operation
in which defendant was interested, in consideration for which de-
fendant was to pledge as collateral security for the loan, thirteen
mortgages on so many lots, upon which houses were to be built
within a year; that plaintiff had paid $10,000 and had made a
judgment note in favor of defendant trust company for $42,000,
the balance of the loan; that defendant refused to assign the
mortgages to plaintiff or to complete the houses, but nevertheless
demanded further payments of the plaintiff, and threatened to sell
the mortgages as collateral, or to enter up judgment on the note;
and prayed that defendant be enjoined from committing these
breaches of the agreement, the court was correct in holding that
the bill showed no ground for the assumption of equity jurisdiction
and that the remedy at law was adequate, and properly denied the
motion for a preliminary injunction.

Argued April 14, 1913. Appeal, No. 160, Jan. T., 1913,
by plaintiff, from decree of C. P. No. 3, Philadelphia Co.,
March T., 1913, No. 2203, in Equity, refusing a prelim-
inary injunction in case of Solomon Greenberg v. The
First Mortgage Guarantee and Trust Company. Before
BROWN, MESTREZAT, POTTER, ELKIN and MOSCHZISKER,
JJ. Affirmed.

Bill in equity for an injunction. Before FERGUSON, J.

The material allegations of the bill were substantially, as follows:

Plaintiff was the owner of a piece of ground which he agreed to sell to one Enich for $100,000. The latter divided said ground into ninety-four lots, and with defendant's assistance created ninety-four first mortgages of $4,500 each thereon. Plans and specifications for houses were drawn up, and all arrangements made to promote a building operation on said ground.

At the time of settlement between plaintiff and said Enich for said ground, in consideration of plaintiff's agreeing to lend $52,000 upon the judgment note of said Enich together with thirteen of said ninety-four first mortgages as collateral therefor, said amount being the balance needed to carry through said building operation, defendant proposed that it would enter into an agreement in writing with plaintiff agreeing that the thirteen houses on which said thirteen mortgages were secured should be completed in one year according to plans and specifications, copies of which were delivered by defendant to plaintiff.

Plaintiff accepted defendant's proposition and agreed to lend $52,000 upon the terms and conditions proposed by defendant and it was agreed said sum should be paid in instalments as follows:

Ten thousand dollars at time of settlement, to wit, June 28, 1912.

Ten thousand dollars upon completion of the roofs and porches of the thirteen houses aforesaid;

Ten thousand dollars when said thirteen houses should be all whitecoated in accordance with the plans and specifications;

Twenty-two thousand dollars when said thirteen houses should be all trimmed out and the plumbing completed, and all of said thirteen houses finished excepting paperhanging, gas fixtures and street improvements.

Plaintiff then paid $10,000 to defendant and signed a collateral judgment note for $42,000 relying upon de-

fendant's agreement and assurance that it would prepare and sign a complete agreement embodying all the terms above set forth. The reason given for getting plaintiff to sign said note was that it was necessary to comply with the requirements of the Banking Department of Pennsylvania.

Said thirteen mortgages were never assigned to plaintiff, but were made directly to and are still held by defendant, and the title to said building operation and the control thereof is entirely in defendant's hands.

A day or two after said settlement, in consideration of a balance due plaintiff, growing out of a sale of said ground, said Enich agreed to transfer to plaintiff all his interest in said mortgages above said sum of $52,000, and it was agreed that plaintiff advance moneys directly on said mortgages to defendant. This defendant agreed to.

Since securing said $10,000 and said judgment note from plaintiff, defendant refused to give plaintiff the agreement which it made and agreed to put in writing and has failed and neglected to build said thirteen houses in accordance with said specifications. Plaintiff alleged that the value of said houses has been much reduced, and that said thirteen mortgages are not secured. Plaintiff also alleged that the equity of $6,500 in said mortgages over and above plaintiff's loan of $52,000 is rendered valueless, and further alleged that by reason of defendant's refusal to live up to its agreement, he is relieved from making any further payments on account of said loan.

Notwithstanding the breach of its agreement with plaintiff, defendant demanded that plaintiff make the payments called for in said judgment note, and upon plaintiff's refusal to do so, threatened to enter said judgment note of record, and sell, under the terms of said note, said thirteen mortgages in its possession as collateral therefor.

Plaintiff prayed that defendant be restrained from entering said note of record, and also from selling said thirteen mortgages, and has asked that said judgment note be cancelled and returned to him. Plaintiff further prayed that defendant pay him the $10,000 paid on account of said loan, and $6,500, the value of the equities in said thirteen mortgages destroyed by defendant's breach of its agreement.

On motion for preliminary injunction, FERGUSON, J., filed the following opinion:

"After consideration of the bill and the tender of proof in accordance with the allegations of the bill, the court is of the opinion that everything that is alleged in the bill could be remedied on the law side of the court, and that there is nothing which a chancellor would have a right to consider. The motion for a preliminary injunction is therefore refused."

Plaintiff appealed.

*Error assigned,* among others, was the decree of the court.

*Ormond Rambo,* with him *Robert Mair, Wayne P. Rambo* and *J. Quincy Hunsicker, Sr.,* for appellant.

*William E. Chapman,* filed a paper book for appellee.

PER CURIAM, June 27, 1913:

Though the opinion of the court refusing the preliminary injunction is very brief, it is all sufficient, and upon it this appeal is dismissed with costs.