Hampsey, Appellant, *v.* Duerr.

Argued October 4, 1960. Before JONES, C. J., MUS-MANNO, JONES, COHEN, BOK and EAGEN, JJ.

*William L. Jacob* and *Frank A. Orban, Jr.,* for appellants.

*Archibald M. Matthews,* for appellee.

Opinion by Mr. Justice Musmanno, December 1, 1960:

The two plaintiffs in this appeal, Bernard J. Hampsey, receiver of Troop Water Heater Company, and Highland Tank and Manufacturing Company, brought separate actions in assumpsit against Frank A. Duerr. The defendants filed preliminary objections which were not sustained. However, the plaintiffs voluntarily terminated their law actions and instituted suits in equity. The defendant again filed preliminary objections and the court held that since the complaints disclosed an adequate remedy at law, the actions in equity would be dismissed. Both plaintiffs appealed.

The plaintiff Highland Tank alleged that the defendant, as its president, treasurer and manager, abused his authority and made improper use of corporate funds, breaching his fiduciary duties to stockholders.

The Troop Water Heater Company's complaint alleged, that as its treasurer and general manager, the defendant used corporate funds for his own personal benefit, improperly negotiated a sale of stock held by him and the president, and in general breached his fiduciary trust to the stockholders. Both plaintiffs claimed specific amounts as a result of the defendant's alleged misconduct. No account or discovery was thus necessary to determine what the plaintiffs were entitled to under the averments made.

A reading of the two complaints establishes that the lower court was correct in stating: "When the complaints are examined and considered they present in essence simple claims for reimbursement; they do not seek an accounting; they do not need to be fortified by any discovery as frequently required in an equity action; while it may be more convenient and less difficult as a procedural matter to try the issues in equity there is in our judgment no legal reason requiring it

and therefore no basis for the plaintiffs to demand that they be heard in equity; moreover, their claims are basically and essentially assumpsit claims."

Since the complaints particularly set forth the amounts claimed by the plaintiffs as a result of the alleged misconduct of the defendant in the operation of the two companies' affairs, the proper remedy for the plaintiffs to have pursued was assumpsit. The question, however, remains: Should the court below have dismissed the actions as it did, or should it have certified the equity actions to the law side of the court to be acted on there as actions in assumpsit? Rule 1509 of the Rules of Civil Procedure governing actions in equity, provides: "(c) The objection of the existence of a full, complete and adequate non-statutory remedy at law shall be raised by preliminary objection. If the objection is sustained, the court shall certify the action to the law side of the court . . ."

This rule superseded, as far as is here relevant, the Act of June 7, 1907, P. L. 440 (12 PS 1228) which also had provided in similar language that "If the court shall decide that the suit should have been brought at law, it shall certify the cause to the law side of the court . . .". That language was construed by our court in *Redditt v. Horn,* 361 Pa. 533 as placing a "duty" upon the Court to so certify the case: "One of the reasons specified by the defendants' objections was that the plaintiff 'has an adequate remedy at law.' Consequently, when the chancellor sustained the objection to equity's jurisdiction it forthwith became his *duty* to 'certify the cause to the law side of the court' as required by Sec. 2 of the Act of June 7, 1907, P. L. 440, 12 P.S. sec. 1228; and failure so to do was error . . ." (Emphasis that of the court)

In the case at bar the court made no mention in its opinion as to why it did not certify the causes to the law side. The defendant contends the cases may

not be so certified because of Rule 231 of the Pennsylvania Rules of Civil Procedure, which provides: "(a) After a discontinuance or voluntary nonsuit the plaintiff may commence a second action upon the same cause of action upon payment of the costs of the former action." He argues that since the assumpsit actions were not discontinued and costs paid until December 5, 1956, the equity suits were improperly instituted on December 1, and that, therefore, preliminary objections should have been sustained and the complaints dismissed on that ground. We do not accept that this slight deviation from the procedural rule, a deviation which caused no injury or injustice to the defendant in any respect, should serve to deprive the plaintiffs of their remedy at law, the statute of limitations having run against them on June 30, 1954, six years from the admitted date of knowledge by the plaintiffs of the defendant's alleged misconduct.

The defendant's position was the same whether the plaintiffs' suits were filed on December 6, 1956 or December 1, 1956. The intendment of the rule was to protect a defendant from multiplicity of suits. That danger was not present here because, within a few days after the filing of the suits and within one day after service thereof on the defendant, the lawsuits were discontinued. No prejudice accrued to defendant by this slight delay.

We stated in *McKay v. Beatty,* 348 Pa. 286: "Procedural rules are not ends in themselves but means whereby justice, as expressed in legal principles, is administered. They are not to be exalted to the status of substantive objectives. It is for this reason that Pa. R. C. P. No. 126 (332 Pa. lxvii) provides: 'The rules shall be liberally construed to secure the just, speedy and inexpensive determination of every action or proceeding to which they are applicable. The court

at every stage of any such action or proceeding may disregard any error or defect of procedure which does not affect the substantial rights of the parties.'

. . .

". . . Though the procedure from the very beginning (through no fault of defendant) did not strictly conform to the rules, their *spirit and purpose* were served as far as the rights of the additional defendant were concerned, and there was no such duty to adhere to their *letter* as to require the removal of the additional defendant from the record." (Emphasis that of the court)

In that case we reversed the lower court's striking off the additional defendant from the record.

In the instant case, the court below was free to disregard the error of the plaintiffs which in no way affected the substantial rights of the defendant. Whether or not by silence on this issue it thus intended to waive strict adherence to Rule 231 is not governing. This Court has the power to reverse, as in *McKay v. Beatty,* supra, the lower court's action in refusing to waive non-compliance with procedural rules where there has been an abuse of discretion by the court which resulted in "manifest and palpable injury" to the adverse party: *Richter v. Mozenter,* 356 Pa. 650; *Pinsky v. Master,* 343 Pa. 451.

The decrees of the court below are reversed and the causes remanded with directions to reinstate the complaints and certify both actions to the law side of the court, the costs of certification to be borne by the plaintiff. Each party to bear own costs on this appeal.