Barco, Inc., Appellant, v. Steel Crest Homes, Inc.

554

Argued November 12, 1965. Before BELL, C. J., MUS-
MANNO, JONES, COHEN, EAGEN, O'BRIEN and ROBERTS,
JJ.

*Allen J. Levin*, with him *Folz, Bard, Kamsler,
Goodis & Greenfield*, for appellant.

*Knox Henderson*, with him *Edward H. Fackenthal,
Maurice Pollon*, and *Henderson, Wetherill & O'Hey*,
for appellee.

OPINION BY MR. JUSTICE O'BRIEN, March 22, 1966:

Appellant filed a complaint in equity against appel-
lee seeking certain relief allegedly arising out of a con-
tractual relationship existing between the parties. Ap-
pellant alleged that it is engaged in the business of
purchasing deferred payment contracts from dealers
who sell owner-completed houses. It further alleges
that appellee is such a dealer, and that by a written
contract between appellant and appellee, appellee
agreed to submit to appellant for purchase at specified
prices all of the installment or deferred payment con-

tracts made by appellee with its customers for a 5 year period from the date of the contract. Averring that appellee has failed to offer such contracts to it and intends to continue such actions, and averring that it had no remedy at law, appellant sought equitable relief in the form of a decree (1) enjoining appellee from offering installment contracts for purchase to anyone but appellant; (2) directing appellee to offer these contracts to appellant; (3) requiring appellee to account to appellant for all such contracts not submitted to appellant for purchase; and (4) awarding appellant the damages which it had sustained by reason of appellee's breach.

Appellee filed preliminary objections to the complaint, averring that an adequate remedy existed at law. Preliminary objections were sustained and the case certified to the law side.

In its opinion sustaining the preliminary objections, the court below stated: "Plaintiff, in addition to his prayer for damages, seeks, in effect, specific performance of the above-mentioned contract by enjoining the defendant from doing any acts in violation thereof, as well as an accounting of these contracts which allegedly have not been submitted to it. We will first consider whether or not plaintiff is entitled to an injunction on the basis of the allegations in its Complaint.

"While our Courts have by injunctive relief, prevented the violation of obligations contained in a contract, General Building Contractors' Association v. Local Union No. 542, 370 Pa. 73 (1952), it is well established that this power will not be exercised where there is an ample remedy by an action for damages at law. Greenberg v. The First Mortgage Guarantee & Trust Co., 242 Pa. 35 (1913); Streng v. The Buck Run Coal Company, 241 Pa. 560 (1913). Here the plaintiff complains of the action of the defendant in not submitting to it (plaintiff) deferred payment contracts which the

defendant has entered into with its customers and further alleges that the defendant will continue this course of conduct. We do not know of any reason why plaintiff can not, under these circumstances, seek a complete and adequate remedy at law, in the form of an action in assumpsit for damages for this alleged breach of contract. The only way in which plaintiff would be injured by such a breach would be a loss of profits from not being able to finance these contracts. We do not see why damages can not be ascertained here with a reasonable degree of certainty by merely determining how much of a profit plaintiff would have made on each of these deferred payment contracts.

"Moreover, we do not believe that an injunction is necessary to prevent any further breaches of this contract. If it is determined in an action at law that defendant's past conduct did constitute a breach, the defendant is hardly going to continue in this conduct and render itself liable for additional damages. Even if there may be a possibility that defendant may again breach the contract, this is not sufficient to invoke the jurisdiction of a court of equity.

"Plaintiff, in its Brief, cites a number of cases and authorities to the effect that a court of equity will issue an injunction to protect a plaintiff's rights to an exclusive privilege under a contract and to prevent the extension of that privilege to others. Plaintiff argues that since it was to have the right to purchase *all* of defendant's deferred payment contracts, it has an exclusive privilege which should be protected by an injunction. We do not agree. The cases which are cited in support of this proposition are cases in which the exclusive privilege involved was the right of a plaintiff to enjoy certain services or to purchase certain products which were in some way or another unique and could not, therefore, be properly valued. Here, however, the loss, if any, which plaintiff has sustained can

be reasonably ascertained in dollars and cents in an action of assumpsit.

"We are also of the opinion that equity jurisdiction need not be invoked to afford plaintiff the information which it seeks to obtain by an accounting. Plaintiff in paragraph 6(c) of the Complaint seeks to have defendant make an accounting to it 'for all sales on deferred payments since the inception of its agreement with plaintiff, which were not submitted to plaintiff for purchase.' The Pennsylvania Rules of Civil Procedure provide for an adequate means of obtaining any of this information which may be relevant to the issue of damages. Under our discovery rules,* the plaintiff is free to take depositions of the defendant and to require for inspection the production of defendant's records in order to ascertain the exact amount of its damages. It could not obtain any more information in an accounting. We, therefore, believe that plaintiff does have an adequate remedy at law for the cause of action which it sets forth in its Complaint."

Subsequent to the entry of the order of the court below certifying the case to the law side, the court entered a new order. That order stated: ". . . having reviewed all of the pleadings and the briefs filed, the undersigned is of the opinion that he erred in certifying this matter to the 'law side of the Court' and it is hereby decreed that the Opinion and Order rendered by the undersigned on May 3, 1962 is hereby revoked and vacated so that the above-entitled matter is hereby certified back to the equity side of the Court." No further explanation is offered for the action of the court.

The matter then went to trial, and the chancellor made an adjudication and entered a decree nisi refusing the prayer of appellant's complaint. Exceptions to the adjudication were filed and dismissed by the court

---

* Pa. R. C. P. 4003, 4005, 4007, 4009, 4014.

en banc and the decree nisi entered as a final decree. This appeal followed.

We believe that the chancellor was correct in his original determination that appellant had an adequate remedy at law. Any loss occasioned by the alleged breach of contract could be compensated by money damages which, in this factual matrix, are readily ascertainable. Where an adequate remedy at law exists in the form of an action of assumpsit, equity has no jurisdiction. *Meehan v. Cheltenham Twp.*, 410 Pa. 446, 189 A. 2d 593 (1963). We further held in *Meehan* that: "The fact that Appellee, who obtained the judgment below, has now acquiesced in the equitable jurisdiction of the lower court, does not prevent us from raising the defect [citing cases]."

Since an adequate remedy exists at law, the court below had no jurisdiction in equity and its decree must be vacated.

Decree vacated and record remanded to the court below for certification to the law side of the court. Each party to bear own costs.

Mr. Chief Justice BELL dissents because of the inadequacy of the remedy at law.