## Caimaichelo v. Pinkston

*Michael R. Bradley* and *Thomas J. Brady*, for plaintiff.

*Cramp and D'Iorio*, for defendant.

DIGGINS, J., October 28, 1966.—The issue to be resolved in this matter concerns *plaintiff's* petition and outstanding rule to strike the order of discontinuance filed voluntarily by counsel for *plaintiff* on June 25, 1963. The relevant facts are hereinafter set forth.

On January 18, 1963, plaintiff, through counsel, filed in Delaware County a complaint in trespass alleging, inter alia, that defendant was responsible to plaintiff for certain personal injuries sustained by

him as a result of an automobile accident which occurred on May 25, 1962. An appearance was thereafter entered by counsel for defendant and, subsequently, depositions were taken of both parties on March 14, 1963. At the time of these depositions, it was learned that defendant was employed in Philadelphia. Plaintiff thereupon commenced a suit against defendant in trespass on the same cause of action in Philadelphia County, same having been filed and/or served prior to June 12, 1963. On June 13, 1963, counsel for defendant filed an order for a pretrial conference in the Delaware County action; shortly thereafter, on June 25, 1963, counsel for plaintiff voluntarily filed with the Prothonotary of Delaware County a praecipe to discontinue the Delaware County action without prejudice. Pursuant thereto, the Prothonotary of Delaware County marked the docket to reflect the discontinuance. Defense counsel was advised of the discontinuance by letter dated June 26, 1963, no prior notice having been given.

On July 1, 1963, counsel for *defendant* contested plaintiff's voluntary discontinuance of the Delaware County action by filing a petition upon which a rule was granted. The essential tenor of defendant's petition was to the effect that the Delaware County action was instituted in the proper forum, was brought to the point of a pretrial conference, and that the Philadelphia action was instituted merely to pursue the action in that forum, which would result in duplication of legal services, delay in reaching trial, inconvenience, vexation, harassment, expense and prejudice to defendant. An answer was filed to this petition by plaintiff which generally denied the material allegations of defendant's petition. The issues raised by defendant's petition and plaintiff's answer thereto, however, were never argued or adjudicated in Delaware County. Finally, on September 3, 1965, defendant's

counsel filed a praecipe with the Prothonotary of Delaware County to withdraw defendant's petition to strike plaintiff's discontinuance, no prior notice having been given to plaintiff's counsel.

During the course of the above proceedings, or thereafter (the record is not clear in this regard) defendant's counsel in Philadelphia County contested the validity of the service of process on defendant in connection with the Philadelphia action. The record before us discloses that there is some admitted merit to this issue from defendant's standpoint relative to the Philadelphia action. This issue is still pending in Philadelphia County, and the Philadelphia Court has stayed all proceedings in that county pending a determination by this court of the issue here involved.

On March 23, 1966, *plaintiff*, through counsel, filed a petition for leave of court to strike discontinuance and reinstate suit, and a rule was granted. The essence of plaintiff's petition is that if plaintiff's discontinuance in this county is permitted to stand and plaintiff's suit against defendant in Philadelphia is dismissed (or the service declared invalid), then plaintiff will have no forum in which to present his case. To plaintiff's petition, defendant has filed an answer alleging, in essence, that plaintiff voluntarily discontinued the instant action and should not now be permitted to have that discontinuance stricken, especially in light of the fact that the statute of limitations has now expired.

The issue to be determined is a most difficult one and, under the facts and circumstances here present, somewhat intriguing. Insofar as the Delaware County action is concerned, the positions of the litigants as to the instant issue are diametrically opposed to the positions they initially assumed shortly after the discontinuance was filed of record by plaintiff's counsel. We also observe that counsel for the respective parties

have engaged in a continuing course of strategy and manuevering, initiated by plaintiff's counsel, over an extended period of time. As the record now stands, it appears that counsel for defendant have had the best of the extended skirmishing. However, in consideration of the facts and circumstances here present in conjunction with the applicable legal principles as well as the trend toward liberality in providing an opportunity for full adjudication of issue, we are of the opinion that plaintiff's petition should be granted, although, candidly, we have reluctantly reached this conclusion.

Pennsylvania Rule of Civil Procedure 229, pertaining to discontinuances, provides in pertinent part as follows:

"(c) The court, upon petition and after notice, may strike off a discontinuance in order to protect the rights of any party from unreasonable inconvenience, vexation, harassment, expense or prejudice".

It appears to the court that unless the discontinuance is stricken, plaintiff's rights would, in all probability, be prejudiced in light of the questionable service effected upon defendant in the Philadelphia action. This would be true even though the Philadelphia action might be continued indefinitely (assuming service there to be improper), since plaintiff would be unable to proceed unless and until proper service could be effected. Of course, it is also entirely possible that service may never be effected upon defendant in Philadelphia, in which event plaintiff would have no forum in which to present his case, barring the relief here requested. Although there is merit to defendant's position, in that plaintiff, through counsel, has voluntarily placed himself in these circumstances, the trend of the law is and has been in favor of extricating a party from procedural difficulties created by that party's counsel: see, inter alia, Gedekoh v. Peoples

Natural Gas Company, 183 Pa. Superior Ct. 511. Moreover, in Godina v. Oswald, 206 Pa. Superior Ct. 51, what the Superior Court said is most apposite to the instant case, at page 55:

"The niceties of procedure and pleading make fine intelligence games for lawyers but should never be used to deny ultimate justice. This is the reason for our modern approach to rules of civil procedure".

Counsel for defendant also contends, with some merit, that Pa. R. C. P. 229 is and was designed exclusively to protect the rights of defendants. However, subsection (c), quoted above, contains no such restriction and, on the contrary, speaks in terms of "any party" thereby, including plaintiffs. Moreover, in arriving at this conclusion, we have considered the contents of Pa. R. C. P. 126, which provides:

"The rules shall be liberally construed to secure the just, speedy and inexpensive determination of every action or proceeding to which they are applicable. The court at every stage of any such action or proceeding may disregard any error or defect of procedure which does not affect the substantial rights of the parties".

Courts have always recognized that procedural rules are not ends in themselves, but means whereby justice, as expressed in legal principles, is administered; they are not to be exalted to the status of substantive objectives, and the courts have held that rules shall be liberally construed to secure the just, speedy and inexpensive determination of every action or proceeding to which they are applicable: Hampsey v. Duerr, 401 Pa. 578 at 581.

This brings us to the most perplexing facet of the issue to be determined, viz., the effect of the statute of limitations upon plaintiff's petition to strike the discontinuance. No authority has been called to our attention which controls the instant case; however, it is our opinion that the authorities, as well as the

trend toward liberality (as espoused in analogous authorities), require that this issue be determined in favor of plaintiff. Here, plaintiff commenced his initial action in Delaware County prior to the expiration of the applicable two-year statute of limitations; thereafter, plaintiff started his action in Philadelphia County prior to the expiration of the statute and then, as aforesaid, discontinued the Delaware County action. Presently, the action in Philadelphia County is still outstanding. Under these circumstances, it appears evident that from the time of the commencement of the original action, defendant has been on notice of legal proceedings against him. Moreover, the record indicates that both parties have proceeded, to some extent, to marshall their evidence and prepare for trial. These circumstances do not warrant the application of traditional rules relating to statutes of limitation whose rationales are grounded on the principle of fairness to defendants so as to prevent surprise through the revival of claims that have been allowed to slumber until evidence has been lost, memories have faded and witnesses have disappeared. Nor is the instant case one where plaintiff has slept on his rights and is now attempting to proceed with a "stale claim"; rather, the record indicates to the contrary, two actions in different counties having been instituted prior to the expiration of the statute of limitations.

In support of the conclusion herein reached, Vaughn v. Roulin, 54 Schuyl. 8, is analogous, where the court held at page 9:

"Where a plaintiff has another case, based upon the same facts, pending in the same Court or another Court, it tolls the statute of limitations and the statute does not begin to run until final adjudication of the pending case. Sattles v. Opperman, 14 Pa. Superior Ct. 32".

Further, in King v. Baker, 29 Pa. 200, the court

held that from the time that caveat was entered until the right is determined in ejectment, the right of the parties to sue for injuries committed on the land was suspended. The court also stated that during the time the right to sue in trespass was so suspended, the statute of limitations did not run against the owner, nor operate as a bar against a recovery for such injuries, although the trespass complained of was committed more than six years before the suit was brought. Hampsey v. Duerr, supra, is also analogous. There, the Supreme Court reversed the decrees of the lower court dismissing the complaints in equity and directed that they be certified to the law side of the court. Plaintiffs had filed timely actions in assumpsit, and the statute of limitations ran on June 30, 1954. On December 1, 1956, plaintiffs commenced actions in equity, and on December 5, 1956, plaintiffs discontinued the assumpsit actions. The court stated at pages 580-81:

"In the case at bar the court made no mention in its opinion as to why it did not certify the causes to the law side. The defendant contends the cases may not be so certified because of Rule 231 of the Pennsylvania Rules of Civil Procedure, which provides: '(a) After a discontinuance or voluntary nonsuit the plaintiff may commence a second action upon the same cause of action upon payment of the costs of the former action.' He argues that since the assumpsit actions were not discontinued and costs paid until December 5, 1956, the equity suits were improperly instituted on December 1, and that, therefore, preliminary objections should have been sustained and the complaints dismissed on that ground. We do not accept that this slight deviation from the procedural rule, a deviation which caused no injury or injustice to the defendant in any respect, should serve to deprive the plaintiffs of their remedy at law, the statute of limitations having

run against them on June 30, 1954, six years from the admitted date of knowledge by the plaintiffs of the defendant's alleged misconduct".[*]

Dooley v. J. & L. Steel Corp., 39 Wash. Co. 171, is most apposite. In that case, plaintiff commenced suit against two joint defendants, and one of the original defendants joined an additional defendant. At trial, plaintiff moved to discontinue as to one defendant and as to the additional defendant joined by it; the motion was granted over the objection of the remaining (original) defendant. When subsequent proceedings became involved and the statute of limitations barred the joinder of these parties, plaintiff and the remaining defendant moved to revoke and withdraw the prior discontinuance. In granting the motion striking the prior discontinuance, the court held at page 173:

"Rule 229 (c) permits the Court, upon petition and after notice, to strike off a discontinuance in order to protect the rights of any party from unreasonable inconvenience, vexation, harassment, expense or prejudice. This Rule is but a recognition of the law prior to the promulgation of the Rules of Civil Procedure. In Shapiro v. Philadelphia, 306 Pa. 217, the Supreme Court held that a discontinuance will be stricken off in all cases where it would be inequitable to permit it to remain, citing Pollock v. Hall, 3 Yeates 42 and Mechanics Bank, etc., v. Fisher, 1 Rawle 341.

"The Statute of Limitations has now run in this case, thus affecting the liability of the West Penn Power Company and the Heyl & Patterson, Inc. to the Jones & Laughlin Steel Corporation; Wnek v. Boyle, 374 Pa. 27. This is clearly to the prejudice of the Jones & Laughlin Steel Corporation and brings the

[*] See also Cory Corporation v. Medill Corp., 76 York 57, where a similar situation was involved with some defense being available to defendant relative to the statute of limitations.

case within the principle of Rule 229 (c). The legal steps taken since the said discontinuance, with the consequent delays incidental thereto, is likewise prejudicial to the plaintiff in her effort and desire to secure an early disposition of her case, which has been pending for approximately two years. The Court is therefore of the opinion that it must grant both the petition of the Jones & Laughlin Steel Corporation and of the plaintiff to strike off the said discontinuance".

An analogous authority is also found in Matthews v. J. W. Jaeger Co., 42 Westmoreland 189, where the court granted a voluntary nonsuit with leave to take off the nonsuit at a future date. There, plaintiff had commenced a subsequent companion action in the Federal District Court. Defendant was successful in securing a stay of proceedings in the Federal District Court pending an adjudication of the county action, where defendant moved to take off the nonsuit and proceed to trial. In dismissing defendant's motion, the court stated at page 191:

"The Court in granting plaintiff's motion, did so with the thought the taking off of the voluntary nonsuit would only be ordered where it was clear to the Court that plaintiff's substantive rights are endangered by a procedural defect in the Federal Court".

Northern Metal Co. v. United States, 350 F. 2d 833, is also pertinent to the instant case. In a scholarly opinion, the circuit court, speaking through Circuit Judge Freedman, held that the statute of limitations was tolled during the pendency of proceedings before the contracting officer and the Armed Services Board of Contract Appeals and, therefore, that the libel was filed within the statutory time, even though it was filed more than two years after the date of the invoice. See also, to the same effect, Klumpp v. Thomas, 162 Fed. 853.

We are not unmindful of the various decisions in

736

this area of the law pertaining to whether a discontinuance should or should not be granted, examples of which are Pesta v. Barron, 185 Pa. Superior Ct. 323, and Brown v. T. W. Phillips Gas and Oil Company, 365 Pa. 155. However, the circumstances here present are somewhat unique, and we are of the opinion that fairness and justice to plaintiff, despite the strategy employed by counsel, especially in light of the foregoing discussion, require that plaintiff's requested relief be granted.

Accordingly, we enter the following:

ORDER

And now, October 28, 1966, the rule heretofore granted against defendant, David S. Pinkston, same having been granted upon the petition of plaintiff, Karl Caimaichelo, to show cause why the discontinuance should not be stricken off and the above-captioned suit reinstated, submitted to pretrial conference and disposed of, be and the same is hereby made absolute. An exception is herewith noted for defendant.

