## B. Axe Enterprises *v.* Northeastern Fire Insurance Company, Appellant.

Argued November 18, 1971. Before JONES, EAGEN, O'BRIEN, ROBERTS and POMEROY, JJ.

120

*Richard A. Kraemer,* with him *Duane, Morris & Heckscher,* for appellant.

*Lawrence J. Richette,* for appellee.

OPINION BY MR. JUSTICE ROBERTS, December 29, 1971:

Appellee filed a bill in equity seeking (1) reformation of a fire insurance policy, and (2) a decree that upon the policy as reformed, appellant is liable to appellee in the face amount of the policy. On May 21, 1971, a final decree was entered, ordering appellant to pay appellee the face amount of the policy. This appeal followed.

Although appellant has not directly asserted before this Court that equity was not the proper form of action, we may on our own motion consider the propriety of the form of action, *Barco, Inc. v. Steel Crest Homes, Inc.,* 420 Pa. 553, 558, 218 A. 2d 221, 224 (1966); *Harris-Walsh, Inc. v. Dickson City Borough,* 420 Pa. 259, 263, 216 A. 2d 329, 331 (1966), and we deem it appropriate to do so here.

A long series of decisions of this Court have established that reformation can be secured in an action at law where it is sought as an immediate prerequisite to obtaining a legal remedy. See, e.g., *General Electric Credit Corp. v. Aetna Casualty & Surety Co.,* 437 Pa. 463, 263 A. 2d 448 (1970); *Evans v. Marks,* 421 Pa. 146, 218 A. 2d 802 (1966); *Easton v. Washington Coun-*

*ty Insurance Co.*, 391 Pa. 28, 37-40, 137 A. 2d 332, 337-38 (1957) ; *Presson v. Commonwealth Mutual Fire Insurance Co.*, 366 Pa. 436, 77 A. 2d 353 (1951) ; *Brandolini v. Grand Lodge*, 358 Pa. 303, 305, 56 A. 2d 662, 663 (1948) ; *Broida v. Travelers Insurance Co.*, 316 Pa. 444, 175 Atl. 492 (1934) ; *Gianni v. R. Russell & Co.*, 281 Pa. 320, 325, 126 Atl. 791, 792 (1924) ; cf. *Bugen v. New York Life Insurance Co.*, 408 Pa. 472, 184 A. 2d 499 (1962) ; Restatement of Contracts §507.

Here appellee sought reformation as an immediate prerequisite to obtaining a legal remedy—the awarding of money allegedly due on an insurance contract. Therefore, appellee could have obtained full, complete, and adequate relief in an action at law, and consequently equity was not the proper form of action. *Trimble Services, Inc. v. Franchise Realty Interstate Corp.*, 445 Pa. 333, 340, 285 A. 2d 113, 117 (1971) ; *Stuyvesant Insurance Co. v. Keystate Insurance Agency, Inc.*, 420 Pa. 578, 580-81, 218 A. 2d 294, 296 (1966) ; *Barco, Inc. v. Steel Crest Homes, Inc.*, supra, 420 Pa. at 558, 218 A. 2d at 224; *Meehan v. Cheltenham Township*, 410 Pa. 446, 449, 189 A. 2d 593, 595 (1963).

Accordingly, the decree of the chancellor is vacated and the record is remanded for certification to the law side of the court.* Appellee to bear costs.

Mr. Chief Justice BELL and Mr. Justice BARBIERI took no part in the consideration or decision of this case.

---

* If a good cause of action at law is pleaded in an action in equity, it is the practice in this Commonwealth to certify the action to the law side of the court, rather than enter an order of dismissal. See, e.g., *Trimble Services, Inc. v. Franchise Realty Interstate Corp.*, supra; *Siegel v. Engstrom*, 427 Pa. 381, 386-87, 235 A. 2d 365, 368 (1967) ; *Sixsmith v. Martsolf*, 413 Pa. 150, 153, 196 A. 2d 662, 664 (1964) ; *Hampsey v. Duerr*, 401 Pa. 578, 166 A. 2d 38 (1960) ; Pa. R. C. P. 1509(c).