## Dunlap v. Cumberland Valley Joint School Authority

Before Shughart, P. J. and Weidner, J.

*Ronald M. Katzman* and *Craig M. Stone*, for plaintiff.

*Richard C. Snelbaker*, for defendant.

WEIDNER, January 18, 1973.—This action arose out of a controversy involving defendant school authority's award of a contract for the supply of an offset

printing press to the second lowest bidder, Penn Graphics Company, after its revocation of an alleged prior acceptance of the low bid of plaintiff, A. B. Dick Products of Harrisburg, Inc.

Plaintiffs filed a complaint in equity on September 25, 1972, in two counts. The first count, by plaintiff Edgar N. Dunlap (hereinafter called "plaintiff-taxpayer") averred taxpayer injury. The second count, by plaintiff, A. B. Dick Products of Harrisburg, Inc. (hereinafter called "plaintiff-corporation"), averred a breach of contract by defendant. Defendant filed preliminary objections, all directed toward the second count: (1) attacking plaintiff-corporation's standing to seek equitable relief, (2) demurring to the second count, and (3) moving to strike the second count for plaintiff-corporation's alleged failure to properly identify itself.

Defendant asserts that plaintiff-corporation has no standing to seek equitable relief because its right of action, if any, is in the form of a full, complete and adequate nonstatutory remedy at law in assumpsit for damages.

Plaintiff-corporation responds that an equity court will hear the case of one who alleges that he was awarded a contract because he was the lowest responsible bidder, and, in that alternative, that equity, having taken jurisdiction of one subject of a contest, being count no. 1, will dispose of the whole matter in controversy to avoid a multiplicity of suits.

A fundamental prerequisite to equitable jurisdiction is inadequacy of plaintiff's remedy at law: Barco, Inc. v. Steel Crest Homes, Inc., 420 Pa. 553 (1966). In its prayer for relief, plaintiff-corporation seeks to enjoin defendant from dealing with another bidder, specifically perform the alleged contract and other equitable relief. Plaintiff-corporation asserts in its brief that money damages are not ascertainable with a high

degree of certainty, but rather that "the facts of this case will establish damages of a greater and less easily ascertainable scope." However, nothing has been pleaded in the complaint that lends support to this assertion. This court must agree with defendant that plaintiff-corporation has not pleaded facts that show its remedy at law would not be complete and adequate.

A similar situation existed in Barco, supra, where plaintiff-appellant sought specific performance of a contract in which defendant-appellee had promised to give him a right of first refusal to purchase the installment financing contracts it obtained from its customers. The Pennsylvania Supreme Court said:

"Any loss occasioned by the alleged breach of contract could be compensated by money damages which, in this factual matrix, are readily ascertainable. Where an adequate remedy at law exists in the form of an action of assumpsit, equity has no jurisdiction": Barco, supra, at 558.

Plaintiff-corporation relies on the case of McIntosh Road Materials Co. v. Woolworth, Secretary of Property and Supplies, 365 Pa. 190 (1950), asserting that its position is identical with that of the plaintiff-appellant in that case. In McIntosh, two contractors whose bids were accepted and then revoked by the State Department of Property and Supplies won equitable relief such as the plaintiff-corporation here seeks. While adequacy of legal remedy was not discussed by the Pennsylvania Supreme Court in McIntosh, a review of the facts of that case shows a situation far more complex than that which emerges from plaintiff-corporation's pleadings in the case at bar. In McIntosh, the contracts were to furnish and apply bituminous paving materials. In reliance on its contract, plaintiff McIntosh had purchased four additional

trucks at a cost of approximately $50,000 each, entered into written contracts with another company for the supply of 4,745,000 gallons of bituminous materials, called men back to work and hired 12 additional employes. Plaintiff-appellant, Dosch-King Company, likewise had made extensive preparation, including entering into two supply contracts: McIntosh, supra, at 198. On such a fact situation, damages would be very difficult to ascertain, thus rendering plaintiff's remedy at law inadequate and justifying equitable relief.

Such a situation is not present in the case at bar, plaintiff-corporation's remedy at law is adequate, and equitable jurisdiction must be denied unless it can be justified by plaintiff-corporation's alternate assertion, that once equity takes jurisdiction of one subject of a contest, it will dispose of the whole matter in controversy to avoid a multiplicity of suits.

Plaintiff-corporation believes that since equity will take jurisdiction over the first count of the complaint, that of plaintiff-taxpayer, it will extend its jurisdiction over the second count to avoid multiplicity of suits.

In support of its contention, plaintiff-corporation cites Pennsylvania Rule of Civil Procedure 1508 and the case of Long v. Trader Horn Coal Co., 396 Pa. 203 (1959). Pennsylvania Rule of Civil Procedure 1508 says simply: "The plaintiff may state in his complaint two or more causes of action cognizable in equity." In Long, an original plaintiff who brought a suit for specific performance of a contract in which defendant promised to pay him a commission on all mine silt sold to another company was joined by an intervening plaintiff after defendant defaulted on a stipulated settlement. Both plaintiffs won a final decree ordering defendant to pay money owed them and to continue to

honor the stipulated settlement in the future. From these facts, it is evident that plaintiffs in Long each had an equitable claim.

In this case, there are two plaintiffs, one with an equitable claim, one with a legal claim. Thus, Rule 1508 as quoted by plaintiff-corporation, is inapplicable, since it speaks only of one plaintiff. Where there is only one plaintiff, equity sometimes will take jurisdiction over a legitimate equitable claim and a legal claim incident thereto.

However, in the instant case there is joinder of one plaintiff, Dunlap, with a claim for equitable relief, and one plaintiff, A. B. Dick, with a claim for legal relief.

Pennsylvania Rule of Civil Procedure 1508, Pleading More Than One Cause of Action provides:

"The plaintiff may state in his complaint two or more causes of action cognizable in equity."

In the discussion under Pa. R.C.P. 1508(2), Goodrich-Amram, Vol. 2 at 61, it is stated:

"Insofar as multiple plaintiffs and defendants are concerned, the only difference between joinder in equity and joinder in assumpsit is that in equity the causes of action must be cognizable in equity whereas in assumpsit the causes of action must be cognizable in contract or quasi-contract."

"A joinder of two more or more causes of action cognizable in equity against two or more defendants is permissible under Rule 1508, Pa. R.C.P.": Falsetti v. Local Union No. 2026, U.M.W.A., 400 Pa. 145 (1960).

It is plain that two separate plaintiffs, one with a legal claim and the other with an equitable claim cannot join to bring both claims into equity. Therefore, defendant's first objection must be sustained, and the second count of the complaint certified to the law side of the court.

Defendant's demurrer to count no. 2 of the complaint is without merit and, therefore, is overruled.

Defendant's motion to strike count no. 2 for plaintiff-corporation's alleged failure to sufficiently identify itself is without merit and, therefore, is overruled.

### ORDER OF COURT

And now, January 18, 1973, at 2 p.m., after submission of briefs and oral argument, defendant's preliminary objection to count no. 2 of plaintiff's complaint in the form of a demurrer and in the form of a motion to strike are overruled and dismissed and defendant's preliminary objection to plaintiff's complaint in the form of an objection raising the existence of an adequate remedy at law is sustained and the action in count no. 2 is severed and transferred to the court of common pleas, civil action at law. Plaintiff is given 20 days to file a complaint in assumpsit in the court of common pleas, civil action at law or suffer judgment of non pros.