## Lauer v. Lerew

*Glenn R. Vaughn*, for plaintiff.

*P. Nelson Alexander*, for defendant.

BUCKINGHAM, J., November 9, 1973.—Plaintiff's complaint in equity indicates that the parties are a divorced husband and wife who, prior to the divorce decree, entered into a written agreement whereby defendant agreed to pay, among other things, the college expenses of his three minor children in the custody of plaintiff. The complaint alleges that defendant has defaulted in such payments for his eldest son, Randy, who is presently a student at Penn State University and has stated that he will continue to refuse to pay for Randy's college education. The complaint states that Randy has had to borrow the money to pay Penn State University in order to remain in school. Plaintiff seeks an order from the court requiring defendant to pay plaintiff the money past due for Randy's college education and to continue to pay her the necessary amounts to pay Randy's college expenses as they become due in the future. Defendant has filed preliminary objections to the complaint on the ground that equity has no jurisdiction and that plaintiff is not a proper party to the suit, i.e., since the agreement between the parties is a third-party beneficiary contract for the benefit of Randy and the other two children, only Randy or the other children as the donee beneficiaries are able to bring suit on the contract.

Defendant is wrong on both counts. Preliminarily,

it should be noted that even though the agreement itself states that it is fully enforceable in any court of law or equity, if, in fact, it is shown that equity has no jurisdiction, the case must be certified to the law side of the court: Barco, Inc. v. Steel Crest Homes, Inc., 420 Pa. 553 (1966). However, the law is quite clear that equity does have jurisdiction to decree specific performance of future payments due under a support agreement such as this. No distinction is made between arrearages and future payments due. The reason is obvious; to avoid a multiplicity of suits at law: Silvestri v. Slatowski, 423 Pa. 498 (1966).

Defendant cites Barco, Inc., supra, in support of his position. This case is inapposite. There plaintiff contracted with defendant to purchase from defendant all of the installment or deferred payment contracts made by defendant with defendant's customers for a five-year-period from the date of the contract. Defendant thereafter refused to offer such contracts to plaintiff and indicated an intention to continue to refuse to do so. The court held that equity did not have jurisdiction because plaintiff's damages were readily ascertainable, being plaintiff's loss of profits for the five-year-period, and were, therefore, capable of being awarded in a single proceeding, giving plaintiff an adequate remedy at law by a suit in assumpsit. In our case, college expenses fluctuate with the times. Accordingly, what defendant would have to pay for them in the future under the agreement is not readily ascertainable now. We think equity clearly has jurisdiction.

Both sides agree that the contract involved constitutes a third-party beneficiary contract for Randy and the other children. Plaintiff is specifically a proper party plaintiff under the provisions of Pennsylvania Rule of Civil Procedure 2002(b)(2), which provides:

"A plaintiff may sue in his own name without joining as plaintiff or use-plaintiff any person beneficially interested when such plaintiff . . .

"is a person with whom or in whose name a contract has been made for the benefit of another."

Either the obligee or the beneficiary of a third-party beneficiary contract may bring suit on the contract: 4 Anderson Pa. Civ. Prac. §2002.37. In view of the foregoing, we enter the following

## ORDER

And now, to wit, November 9, 1973, defendant's preliminary objections to plaintiff's complaint are overruled and dismissed, with leave to defendant to file an answer thereto within 20 days of the date of this order.

An exception is granted to defendant.