## Hostetter v. Sigafoose

*William C. Gierasch, Jr.,* for plaintiff.
*Alan M. Cashman,* for defendant.

BUCKINGHAM, J., July 12, 1974.—This matter requires little discussion. The complaint in equity alleges that plaintiff is the owner and/or lessee of several tracts of land adjoining defendant's land; plaintiff operates a pheasant game preserve and a farm on these lands and defendant, his dogs, horses and children have trespassed and continue to trespass upon these lands causing damage to plaintiff's pheasants and crops. He asks for a injunction to restrain defendant, his animals and children from entering upon his lands and for damages.

Defendant has preliminarily objected to the complaint, contending that plaintiff has an adequate remedy at law in an action of trespass and requests the court to certify the case to the law side.

The preliminary objection must be dismissed. It is quite clear that an injunction in equity is obtainable to stop continuing trespasses: Gardner v. Allegheny County, 382 Pa. 88 (1955); Fountain Hill Underwear Mills v. A.C.W.U. of A., 393 Pa. 385 (1958). Defendant relies on two cases which are inapplicable because they involved different factual situations. Barco, Inc. v. Steel Crest Homes, Inc., 420 Pa. 553 (1966) had to do with a breach of contract, and Daub v. L. B. Smith, Inc., 7 Cumberland 80 (1956), involved only one trespass. We accordingly enter the following:

## ORDER

And now, to wit, July 12, 1974, defendant's preliminary objection to the complaint is dismissed, with leave to defendant to file an answer thereto within 20 days of the date of this order.

An exception is granted to defendant.