## Smith v. McCarthy

*David E. Abrahamsen*, for plaintiffs.

*Raymond T. Cullen*, for defendants.

McGOVERN, *J.*, June 12, 1975.—Defendants have filed preliminary objections to plaintiffs' amended complaint.

Plaintiffs, students at Villanova University, were offered grants-in-aid by defendants (on or about April 6, 1971). Plaintiffs accepted these grants by letter on or about April 20, 1971. Subsequently (circa April 26, 1973), defendants notified plaintiffs that their grants had been terminated because of plaintiffs' withdrawal from the football program at Villanova. Plaintiffs instituted this action to enjoin defendants from interferring with plaintiffs' grants-in-aid or from dishonoring the alleged aid agreement.

Defendants' preliminary objections claim that plaintiffs have a full, complete and adequate remedy at law, namely an action in assumpsit for money damages; and, further that plaintiffs' amended complaint fails to state a cause upon which relief may be granted.

Initially defendants argue, assuming that the allegations in plaintiffs' amended complaint are true, it is clear that the only damages which plaintiffs have suffered to date, or will suffer in the future, are money damages and that as such plaintiffs have an adequate remedy at law, thus ousting this court of equity jurisdiction. Defendants cite B. Axe Enterprises v. North Eastern Fire Insurance Company, 446 Pa. 119, 285 A. 2d 462 (1971); Barco, Inc. v. Steel Crest Homes,

Inc., 420 Pa. 553, 218 A. 2d 221 (1966); and Meeham v. Cheltenham Township, 410 Pa. 446, 189 A. 2d 593 (1963).

In B. Axe Enterprises, supra, plaintiffs (appellees) there sought in equity to reform a fire insurance policy and to impose liability pursuant to the "reformed" policy in its face amount. The Supreme Court reasoned: "Here Plaintiff (Appellee) sought reformation as an immediate pre-requisite to obtaining a legal remedy—the awarding of money allegedly due on the insurance contract. Therefore, Appellee could have obtained full, complete, and adequate relief in an action at law, and consequently equity was not the proper form of action."

Plaintiff-Appellant in Barco, Inc. v. Steel Crest Homes, Inc., supra, sought equity relief against defendant appellee for breach of an agreement whereby defendant was to offer plaintiff all of its deferred payment contracts for a period of five years. After defendant failed to live up to the agreement, plaintiff sought an injunction against defendant, an accounting and damages. Defendant filed preliminary objections, claiming plaintiff had an adequate remedy at law. The court stated:

"While our Courts have by injunctive relief, prevented the violation of obligations contained in the contract, General Building Contractors Association v. Local Union #542, 370 Pa. 73 (1952), it is well established that this power will not be exercised where there is ample remedy by an action for damages at law . . . We do not know of any reason why plaintiff cannot, under these circumstances, seek a complete and adequate remedy at law, in the form of an action in assumpsit for damages for this alleged breach of

contract. The only way in which plaintiff would be injured by such a breach would be a loss of profits from not being able to finance these contracts. We do not see why damages cannot be ascertained here with a reasonable degree of certainty by merely determining how much of a profit plaintiff would have made on each of these deferred payment contracts.": 420 Pa. 553, 555-56.

Plaintiff in Meeham v. Cheltenham Township, supra, sought damages against the township for unjust enrichment. The lower court held that the action was cognizable in equity because the principle of unjust enrichment was involved. Defendant-appellee acquiesced in the equitable jurisdiction of the court, and the case proceeded to trial on the merits. The Supreme Court found that, despite the acquiescence in the equitable jurisdiction of the court, that did not prevent the Supreme Court from raising the defect. The Supreme Court then went on to dispose of the case on the merits on the basis that the principles of unjust enrichment did not apply.

Plaintiffs here, as distinguished from the decisions relied upon by defendants, are not seeking money damages and this court is not convinced, at this juncture, that money damages are an adequate remedy. Should plaintiffs' "grants-in-aid" be suspended, it would be necessary for plaintiffs to secure necessary funds to finance their own educations, and would then have to await the conclusion of future litigation for reimbursement. Should the plaintiffs not be able to secure adequate funds, then their educational pursuits could well be suspended. Money damages, in that event, might well not be an adequate remedy to compensate plaintiffs for the interruption of their

education and for any delay plaintiffs may then experience in beginning their individual careers. Irreparable harm is a very realistic possibility in this circumstance. Finally, Exhibit "A" of plaintiffs' complaint, reasonably read, infers that financial need was one of the criteria for offering a "grant-in-aid" to these plaintiffs. Therefore, one concludes, under the circumstances, that an action in assumpsit would not be an adequate remedy, and defendant's preliminary objection, based upon an adequate remedy existing at law, should be denied.

Defendants also raise in their preliminary objections a demurrer for failure to state a cause of action upon which relief may be granted. Defendants claim in their brief that plaintiffs have not fully, truly and accurately set forth the entire agreement entered into by the parties, and that "oral understandings" form a vital part of this case. A review of plaintiffs' amended complaint renders it clear that plaintiffs are basing their cause of action upon the writings attached as exhibits to the amended complaint. If defendants wish to raise the existence of an oral agreement in addition to the writings, it is incumbent upon them to raise this as new matter, and not by way of preliminary objections. Therefore, defendants' demurrer upon the failure to set forth oral understandings is denied.

## ORDER

And now, June 12, 1975, after consideration of the briefs and arguments thereon, defendants' preliminary objections must be and are hereby overruled. Defendants are granted 20 days within which to file their respective answers.