## Baker v. Baker

*Hervey B. Smith,* for plaintiff.
*Arthur M. Peters, Jr.,* for defendant.

GARDNER, *P.J.,* 44th Judicial District, Specially Presiding, May 6, 1978—Plaintiff brought the above-captioned action to compel enforcement of a support agreement between the parties (part of a post-nuptial agreement dated June 1, 1973).

Defendant preliminarily objected in the nature of a motion to strike off a pleading because of a lack of conformity to law, and a demurrer.

Plaintiff's complaint contains a prayer for relief, praying for enforcement of a monthly support payment by defendant to plaintiff, a judgment in favor of plaintiff for arrears in support payments, and an order attaching defendant's salary or other remuneration received from employment.

Defendant asserts that plaintiff has a full and adequate remedy at law in assumpsit, and that a prayer for attachment of wages is not in conformity with law (in reality, a claim that equity does not have jurisdiction).

Plaintiff submits that equity has jurisdiction to enforce support agreements and that, although the prayer for attachment is conceded as possibly premature, we should retain jurisdiction (as far as attachment is concerned) in order to enforce any other remedy granted plaintiff.

We disagree with defendant's first contention.

Equity does have jurisdiction to enforce support agreements, including arrearages, in order to avoid a multiplicity of suits: Silvestri v. Slatowski, 423 Pa. 498, 224 A. 2d 212 (1966).

We believe that this case is ruled by Silvestri, which was recently followed, as pointed out by plaintiff, in Sarsfield v. Sarfield, ___ Pa. Superior Ct., ___ 380 A. 2d 899 (1977).

The cases cited by defendant are inapposite, having to do with suits to enjoin the printing of election ballots, contracts for the sale of houses, and a suit to enjoin the use of a name in insurance business. (Respectively, the subjects of Kane v. Morrison, 352 Pa. 611, 44 A. 2d 53 (1945); Barco, Inc. v. Steel Crest Homes, Inc., 420 Pa. 553, 218 A. 2d 221

(1966), and Pennsylvania Life Insurance Company v. Pennsylvania National Life Insurance Company, 417 Pa. 168, 208 A. 2d 780 (1965).)

However, we do agree with defendant's second contention—that this court, in the instant matter, has no jurisdiction, in equity or otherwise, to attach the salary or wages of defendant.

The Act of April 15, 1845, P.L. 459, sec. 5, 42 P.S. §886, provides, in part, "that the wages of any laborers, or the salary of any person in public or private employment, shall not be liable to attachment in the hands of the employer."

An exception to the Act of 1845, supra, exists in the Act of July 13, 1953, P.L. 431, sec. 9, as amended, 62 P.S. §2043.39(c), but this exception applies only to the enforcement of court orders of support, indicated by the outline in subsection (1) of section (c) of the Act of 1953, which requires service of a certified copy of the order of support upon an employer.

In the instant matter, the agreement between plaintiff and defendant has not been reduced to a court order, and hence the Act of 1953, supra, is not applicable, leaving plaintiff without a remedy in this regard.

## ORDER

And now, May 6, 1978, for the reasons set forth in an opinion of even date herewith, it is ordered that the preliminary objection heretofore filed by defendant with regard to the prayer for relief contained in plaintiff's complaint as to attachment of the salary of defendant be and the same is hereby sustained.

All other preliminary objections be and the same are hereby overruled.