Meehan, Appellant, *v.* Cheltenham Township.

Argued January 9, 1963. Before BELL, C. J., MUS-MANNO, JONES, COHEN, EAGEN, O'BRIEN and ROBERTS, JJ.

*Charles V. Stoelker, Jr.,* with him *William Austin Meehan,* and *James P. Geoghegan,* for appellants.

*Samuel H. High, Jr.*, with him *Marlyn F. Smith*, and *High, Swartz, Roberts & Seidel*, for township, appellee.

OPINION BY MR. JUSTICE COHEN, March 28, 1963:

In compliance with The First Class Township Code,[1] Morris Novak, Inc. (Novak), a developer, submitted a subdivision plan for the approval of the Board of Commissioners of Cheltenham Township. After the plan was approved, Novak subcontracted the work of paving streets and installing sewers to appellant. This work began in September, 1959 but ceased two months later because Novak had become insolvent in the interim without making any payments to appellant. The sewers and streets were subsequently dedicated to appellee-township and the work completed by another contractor.

After unsuccessfully attempting to establish a mechanic's lien on the improvements, appellant brought this action in equity claiming that appellee had been unjustly enriched in the amount of $17,095.13, the value of the materials and labor expended by appellant. Appellee raised two objections to the complaint: (1) that equity had no jurisdiction because an adequate remedy existed at law; and (2) that the complaint failed to state a cause of action. The court below held that equity did have jurisdiction but agreed with appellee that no cause of action was stated and dismissed the complaint. This appeal followed.

The court below held that this action was cognizable in equity rather than in law because the equitable principle of unjust enrichment was involved. This reasoning overlooks the fact that law courts can and do apply equitable principles so long as the *remedy* sought

---

[1] Act of May 31, 1947, P. L. 362, §3066, as amended 53 P.S. §58066. In pursuance of this provision, appellee has enacted a Land Subdivision Ordinance.

is one within their power to grant.[2]   Since law courts can give the remedy of money damages, an adequate remedy existed at law in the form of an action of assumpsit and equity therefore had no jurisdiction.[3]  See Restatement, Restitution §4 (1936).

The fact that appellee, who obtained the judgment below, has now acquiesced in the equitable jurisdiction of the lower court does not prevent us from raising the defect.  *Jones v. Amsel,* 388 Pa. 47, 130 A. 2d 119 (1957) ; *Gordon, Secretary of Banking v. Biesinger,* 335 Pa. 1, 6 A. 2d 425 (1939).  However, since the procedure upon transfer to the law side would be identical with that below, we will decide the case on the merits in order to terminate this litigation.

Where one party has been unjustly enriched at the expense of another, he is required to make restitution to the other.  In order to recover, there must be both (1) an enrichment, and (2) an injustice resulting if recovery for the enrichment is denied.  See *Bailis v. Reconstruction Finance Corporation,* 128 F. 2d 857 (3d Cir. 1942) ; Restatement, Restitution §1, comment a (1936).  Appellant alleges that appellee has been enriched by the acquisition of a sewer and road system which has enlarged its revenues through rents from the use of the sewers and increased real estate taxes on the improved lands.  Appellant concludes that "the Township cannot in justice refuse to compensate appellant for the fair market value of the same."  This basis for recovery misconceives both the role of appellee in the construction of the improvements, and also the nature of the unjust enrichment doctrine.

---

[2] "The principles by which a person is entitled to restitution are the same whether the proceeding is one at law or in equity. . . ." Restatement, Restitution, Introductory Note at 4 (1936).

[3] The court below relied upon *Zurich General Accident and Liability Insurance Company, Ltd. v. Klein,* 181 Pa. Superior Ct. 48, 121 A. 2d 893 (1956), to sustain its jurisdiction.  But in that case, equity's assumption of jurisdiction was not questioned.

The construction of these improvements was *not* performed at appellee's request. Appellee initially entered the transaction solely because The First Class Township Code requires that a developer obtain township approval of the subdivision plan in order to insure the safe and harmonious development of the township.[4] Later, the improvements were dedicated to the township. Whether this act of dedication resulted in a financial benefit to appellee is not clear since the cost of maintaining and repairing the improvements might offset any revenues obtained therefrom. In any event, appellant cannot merely allege its own loss as the measure of recovery—i.e., the value of labor and materials expended—but instead must demonstrate that appellee has in fact been benefited.[5]

Moreover, even if the enrichment of appellee were established, there would be no recovery in this case. As noted above, the mere fact that one party benefits from the act of another is not of itself sufficient to justify restitution. There must also be an injustice in permitting the benefit to be retained without compensation.

The Restatement of Restitution sets forth various rules for the determination of whether the retention of a particular enrichment is unjust. Section 110 deals with the situation where a third party benefits from a contract entered into between two other parties. It

---

[4] See supra note 1. In its complaint, appellant also alleged that its loss resulted from appellee's failure to secure a bond from Novak as required by the Township Code. This argument has not been pressed on appeal since the bond is for the protection of the township against non-completion by the contractor, and thus does not aid subcontractors who have already performed work for the contractor.

[5] Where the value of the benefit differs from the amount of the loss, and the recipient is free from fault, the amount of recovery is generally limited by the value of the benefit. See Restatement, Restitution §1, comment e (1936).

provides that, in the absence of some misleading by the third party, the mere failure of performance by one of the contracting parties does not give rise to a right of restitution against the third party. The Restatement gives as an example of this principle the situation where A purchases a ring from C, a jeweler, for his fiancee B and then defaults in the payments. The Restatement states that C cannot recover the ring or its value from B.[6]

The same reasons which preclude recovery in the Restatement illustration are applicable to appellant's cause of action. In contracting to perform the services in question, appellant relied solely on the financial credit of Novak. Appellee in no way induced appellant to enter into this relationship. In such a situation, appellant cannot shift the loss resulting from its error in judgment to one who may have been indirectly benefited by the performance of these services.[7]

Since we conclude that appellant is not entitled to relief under the general principles of restitution, we need not examine the additional problem presented by the fact that such relief is being sought here against a municipal corporation. See *Luzerne Township v. Fayette County*, 330 Pa. 247, 199 Atl. 327 (1938); see also Tooke, Quasi-Contractual Liability of Municipal Corporations, 47 Harv. L. Rev. 1143 (1934).

Decree affirmed.

———

CONCURRING OPINION BY MR. CHIEF JUSTICE BELL:

I have several times expressed my strong opposition to the unjust enrichment doctrine and its adoption in

---

[6] The example assumes that "C" did not retain a security interest in the ring.

[7] We are concerned in this opinion, of course, only with the restitutionary remedies of the subcontractor and not with other possible remedies such as the establishment of a mechanic's lien.

Pennsylvania. The adoption of such a doctrine would, in my judgment, create considerable chaos in the law and greatly increase litigation. Equitably and morally plaintiffs are certainly entitled to recover in this case, but I regret to say that they have no legally justifiable claim. I see no reason, however, why plaintiffs' equitable and moral claim should not be paid by the township pursuant to a proper authorizing ordinance or resolution.

DISSENTING OPINION BY MR. JUSTICE ROBERTS:

I am in full agreement with the concluding sentence of the concurring opinion that "plaintiffs' equitable and moral claim" should be paid by the township. Since the majority opinion denied recovery, I therefore dissent.