# First Federal Savings & Loan Assn. v. Reedy

*George A. Spohrer*, for plaintiff.
*Charles J. Bufalino, Jr.*, for defendant.

BROMINSKI, J., January 8, 1964. — This matter comes before the court on defendant's preliminary objections to plaintiff's complaint in equity.

The complaint alleges substantially these facts. Plaintiff, as mortgagee, accepted a mortgage purportedly executed by defendant and his wife as security for a loan of $3,400. Defendant's signature was forged and the void mortgage has been cancelled of record. Defendant's wife has died and defendant is now the sole owner of the property described in the void mortgage.

Relying on the validity of the mortgage, plaintiff paid and satisfied liens against defendant's real estate amounting to $1,096.76. Plaintiff asserts that the satisfaction of these liens effected an unjust enrichment of defendant and demands judgment against defendant for $1,096.76 and a lien against defendant's real estate until that amount is paid.

Defendant filed the following preliminary objections: (1) a demurrer, (2) lack of jurisdiction in equity, (3) existence of a complete and adequate remedy at law, and (4) motion for a more specific pleading.

We will first consider the demurrer. Defendant's position is that: (1) an equitable lien cannot arise in favor of one who is a volunteer and (2) an equitable lien cannot arise where it appears that any enrichment of defendant was the result of the negligent practices of plaintiff.

The Restatement of Restitution recognizes three doctrines which may be applied by a court of equity in order that an injured party may have restitution, i. e., (1) constructive trust, (2) equitable lien, and (3) subrogation: Restatement, Restitution, §§160, 161, 162 (1937). The doctrine of constructive trust has no application here. Both parties use the terms "equitable lien" and "subrogation" interchangeably and in certain contexts this is sufficiently accurate. In the interest of clarity, we should be more specific here. Generally, an equitable lien is recognized where improvements have been made to one person's property with another person's money or property so as to amount to unjust enrichment. This is not the case here. Paragraph 162 of the Restatement sets forth the doctrine of subrogation as follows: "Where property of one person is used in discharging an obligation owed by another or a lien upon the property of another, under such circumstances that the other would be unjustly enriched by the retention of the benefit thus conferred, the former is entitled to be subrogated to the position of the obligee or lien holder." Thus, if plaintiff is entitled to equitable relief, it must be under this doctrine of subrogation.

The doctrine of subrogation will be applied in this Commonwealth under the proper circumstances: Gladowski v. Felczak, 346 Pa. 660. See also 56 Dickin-

son L. Rev. 235, et seq. In effect, defendant concedes this proposition but argues that plaintiff is not entitled to relief in these specific circumstances because plaintiff acted as a volunteer and was guilty of negligent practices in accepting the mortgage. We are concerned, therefore, not with the validity of a principle of law but with its application here. It becomes necessary therefore to review the cases dealing with this problem.

In 1894, the Supreme Court of this Commonwealth set forth the following principle: "Subrogation will not be decreed in favor of a mere volunteer, who, without any duty, moral or otherwise, pays the debt of another. It will not arise in favor of a stranger, but only in favor of a party who, on some sort of compulsion, discharges a demand against a common debtor": Campbell v. Foster Homes Assn., 163 Pa. 609, syllabus. See also McCleary's Appeal, 20 W. N. C. 547; Webster and Goldsmith's Appeal, 86 Pa. 409.

In the Campbell case, supra, an attorney in fact under a letter of attorney giving him only a power to sell, executed a mortgage in the name of his principal for $7,500 upon land already subject to a prior mortgage in the amount of $6,000 and paid over to the attorney the remaining $1,500. The second mortgage was declared invalid because it was executed without authority. The court held that the second mortgagee was a volunteer and, as such, had no right to be subrogated to the position of the first mortgagee so as to recover the $6,000 paid to satisfy the first mortgage.

The Campbell case, supra, was quoted with approval by the Superior Court on January 28, 1943: Home Owners' Loan Corporation v. Crouse, 151 Pa. Superior Ct. 259. See also: In Re: Account of Commonwealth Trust Co., Trustee (No. 1), 247 Pa. 508. The Commonwealth Trust Co. case was cited with approval in 1955; Gilbert Estate, 5 D. & C. 2d 646. See also

Proudley v. Fidelity and Guaranty Fire Corp., 345 Pa. 385. We therefore conclude that the principles set forth in the Campbell case are still the law of Pennsylvania.

Plaintiff relies on the case of Gladowski v. Felczak decided by the Supreme Court on April 19, 1943, and reported in 346 Pa. at 660. In that case plaintiff loaned money to an association taking a mortgage as security. Part of the proceeds of the loan were used to discharge a judgment lien on the property covered by the mortgage and the remainder used for improvements to the property. The conveyance to the association was later judicially determined to be void. Since the deed to the association was illegal and void, the mortgage executed by the association is necessarily also void since mortgagee had no title to the mortgaged premises. Plaintiff sought to have the amount of the void mortgage declared a lien on the property. The court enforced a lien basing its decision partly on subrogation and partly on unjust enrichment for improvements made to the property. Sections 161 and 162 of the Restatement, Restitution are cited.

It is to be noted at the outset that the Gladowski case is concerned with a failure of title on the part of the mortgagors; the Campbell case is concerned with a void mortgage. These situations have been treated differently by the courts. See 151 A. L. R. 423; 43 A. L. R. 1393, supplemented by 151 A. L. R. 407.

The greatest difficulty confronting the courts in applying the equitable doctrine of subrogation to the lien of a prior encumbrance, in favor of one furnishing money to discharge the lien, is the equitable rule stated above that subrogation will not be decreed in favor of a mere volunteer who, without any moral or legal duty to do so, pays the debt of another.

It appears that in those cases involving a failure of title on the part of the mortgagors, most jurisdictions

allow subrogation to be decreed. Pennsylvania is in accord, as indicated in Gladowski v. Felczak, supra. However, in the situation where the mortgage is void because it has been executed without the knowledge or consent of the mortgagor, Pennsylvania adopts the minority view declaring that the mortgagee is a volunteer and not entitled to subrogation: Campbell v. Foster Home Assn., supra. Although there has been a tendency on the part of the courts to expand the area in which equitable liens will be granted, we are presently obliged to adhere to the precedents pronounced by our Pennsylvania appellate courts and until there is appellate determination to the contrary, we are precluded from decreeing equitable relief in the instant matter.

Before final determination is made herein, reference should be made to the case of Meehan v. Cheltenham Township, 410 Pa. 446. Although in that case the court is dealing with a situation regarding improvements to one's property, the same underlying principles of equitable liens are considered. In that case the court said: "The construction of these improvements was not performed at appellee's request." This, of course, gives credence to the doctrine that an equitable lien will not be enforced in favor of a volunteer. The court goes on to say:

"Moreover, even if the enrichment of appellee were established, there would be no recovery in this case. As noted above, the mere fact that one party benefits from the act of another is not of itself sufficient to justify restitution. There must also be an injustice in permitting the benefit to be retained without compensation.

"The Restatement of Restitution sets forth various rules for the determination of whether the retention of a particular enrichment is unjust. Section 110 deals with the situation where a third party benefits from

a contract entered into between two other parties. It provides that, in the absence of some misleading by the third party, the mere failure of performance by one of the contracting parties does not give rise to a right of restitution against the third party. . . . Appellee in no way induced appellant to enter into this relationship. In such a situation, appellant cannot shift the loss resulting from its error in judgment to one who may have been indirectly benefited by the performance of these services."

There is one factor in the Meehan case, supra, which is not present in the instant matter. In the Meehan case there was doubt as to whether or not the improvements alleged by the appellant actually resulted in financial benefit to the appellee. There is no question in the case before us that defendant was directly benefited. Despite this additional fact of a direct benefit, the Meehan case does not go so far as to say that an equitable lien will be granted if the benefit is direct. It requires in addition thereto that there must be some misleading or inducement by the third party. In the instant matter no misleading or inducement is alleged by plaintiff and, therefore, the case before us is not controlled by Meehan. Again it appears that we are constrained by the appellate courts from granting equitable relief. However, in view of this recent pronouncement, for the moment we will treat the defendant's demurrer as a motion for a more specific pleading in order to allow plaintiff to allege such facts as may warrant equitable relief.

Accordingly, we enter the following:

*Order*

Now, January 8, 1964, at 12 p.m. (EST), the preliminary objection of defendant in the nature of a more specific pleading is sustained and plaintiff is hereby directed to amend its complaint within 20 days from the date hereof. If no amended complaint is filed,

final judgment will be entered on the motion of the defendant.