346 F.2d 116
 Herman BERMAN, Individually and Trading as Scott
Construction Co., et al., Appellants,
v.
Seymour HERRICK and Abraham Kamber, Individually and Trading
as Lewis TowerBuilding.
 No. 15051.
 United States Court of Appeals Third Circuit.
 Argued March 16, 1965.
Decided May 11, 1965, Rehearing Denied June 10, 1965.
 
 Melvin Lashner, Adelman & Lavine, Philadelphia, Pa., for appellants.
 Louis J. Goffman, Wolf, Block, Schorr & Solis-Cohen, Philadelphia, Pa. (Michael L. Temin, Philadelphia, Pa., on the brief), for appellees.
 Before McLAUGHLIN, HASTIE and SMITH, Circuit Judges.
 HASTIE, Circuit Judge.
 
 
 1
 This is a suit, based solely upon the quasi-contractual theory of unjust enrichment, by several contractors and materialmen against the general partners of a limited partnership, which owned a large Philadelphia office building. Plaintiffs seek to recover the value of alleged improvements to the building made by them pursuant to their contracts with the defendants' lessee, a corporation which was then in possession of the building with an option to purchase it.
 
 
 2
 There was evidence that the lessee had contracted to pay the plaintiffs sums aggregating approximately $240,000 for labor and material. It paid them about $130,000, leaving an unpaid balance of about $110,000. The lessee defaulted upon its obligations to the lessor, and the latter lawfully terminated the leasehold. A few months later, finding the party with whom they had contracted insolvent, the plaintiffs filed this suit against the owners of the building. Subsequently, the defendants sold the building and in so doing sustained a loss of more than $800,000. This litigation involves no assertion of liens or rights in rem. Only a personal obligation of the defendants is claimed.
 
 
 3
 The case was tried to a court sitting without a jury. On all of the evidence the court found no proper factual basis for the claim that, as between the contractors and the landlords, the latter had been unjustly enriched by the work done on their building solely at their lessee's behest and in reliance upon its promise to pay. On this appeal the contractors contend that the conduct of an individual, who was both a limited partner of the landlord partnership and a major stockholder and active participant in the ill-fated venture of the corporate lessee, provided an equitable basis for imposing personal liability on the landlords for any benefit they derived from the plaintiffs' work. The defendants contend both that the court was right in finding no equity in the plaintiffs' claim and that the plaintiffs failed to prove either the fact or any amount of the alleged 'enrichment'. We agree with the defendants that the plaintiffs' proof on the issue of enrichment was insufficient to sustain an award of damages and, therefore, we find it unnecessary to consider the underlying equities of the case.
 
 
 4
 This is a diversity case arising out of Pennsylvania transactions, and Pennsylvania law determines what must be proved to sustain an award for unjust enrichment. In the recent case of Meehan v. Cheltenham Township, 1963,410 Pa. 446, 189 A.2d 593, the Supreme Court of Pennsylvania denied recovery to a subcontractor against a landowner on the ground that the amount of the alleged economic benefit to the landowner, if any, had not been proved. The Court said:
 
 
 5
 'Where one party has been unjustly enriched at the expense of another, he is required to make restitution to the other. In order to recover, there must be both (1) an enrichment, and (2) an injustice resulting if recovery for the enrichment is denied * * *. In any event, appellant cannot merely allege its own loss as the measure of recovery-- i.e., the value of labor and materials expended-- but instead must demonstrate that appellee has in fact been benefited.' 410 Pa. 446, 449-450, 189 A.2d 593, 595.
 
 
 6
 Equally clear and to the same effect is the ruling in West v. Peoples First National Bank & Trust Co., 1954, 378 Pa. 275, 286, 106 A.2d 427, 433, that recovery for unjust enrichment 'is limited to the value of the benefit to the other party derived from the performance * * * even though the sums expended or the value of the services rendered may be greater than the amount of such benefit conferred'.
 
 
 7
 In the present case the plaintiffs undertook to prove the fair price of the work they performed, rather than how much the value of the building was increased by their labor and the materials they supplied and installed. They introduced in evidence their bills rendered to the lessee for various contractual undertakings; some for maintenance operations, others for such improvements as air conditioning units, and still others for renovations and subdivisions of space and the installation of special facilities to meet the needs of individual tenants. There was no evidence of any amount or amounts by which the value of the building was increased as a result of any of these undertakings. In this connection, it seems unlikely that the cost of continuing elevator maintenance, one of the items in evidence, added in any significant way to the value of the structure. The same is true of renovations, and partitioning and special installations to meet the specialized needs of particular tenants. On the other hand it seems likely that the 'modernizing' of elevators and the installation of a number of air conditioning units resulted in some increase in the value of the building. And even though the defendants sold the building at a substantial loss, that loss might well have been greater except for some of the improvements in suit. However, on the present record the dollar value of any such economic benefit, and the extent of the contribution of any plaintiff's work to it, are wholly speculative. Thus, the plaintiffs' proof is inadequate to support any verdict in their favor under the above cited Pennsylvania rule that it is the benefit of work to the defendant, not the amount the plaintiff reasonably charged for its performance, which is recoverable in this kind of action.
 
 
 8
 Finally, we have not overlooked the plaintiffs' argument that rental income for the building increased $5000 per month as a result of their work. The record shows such an assertion in the opening statement of plaintiffs' counsel, and the trial judge alluded to this assertion in his opinion. But there is no proof that this occurred and, therefore, no basis for a finding in the plaintiffs' favor on the alleged increase in rental value.
 
 
 9
 Accordingly, the judgment will be affirmed.