**CARL YHAN, Plaintiff**

v.

**PATRICIA BLACKMAN, Defendant**

Civil No. 1061/80

Territorial Court of the Virgin Islands

Div. of Christiansted at St. Croix

February 3, 1981

G. Luz A. James, Esq., Christiansted, St. Croix, V.I., *for plaintiff*

Jarlyn Dupont, Esq., Legal Services of the Virgin Islands, Christiansted, St. Croix, V.I., *for defendant*

SILVERLIGHT, *Judge*

## MEMORANDUM OPINION

This case is before the Court on "Defendant's Motion to Alter Judgment or for New Trial." The motion will be denied.

Defendant, Patricia Blackman, rented a house from the plaintiff, Carl Yhan, situated at Plot #62 Estate Catherine's Rest, St. Croix. Plaintiff acquired the property from the former owner who had initially rented it to the Defendant. Mr. Yhan informed the defendant that substantial repairs had to be made to the house, and that she would, therefore, be required to vacate. She failed to vacate the premises, and plaintiff, through counsel, on September 15, 1980, served a Notice to Quit, pursuant to 28 V.I.C. § 790. Thereafter an action for "Forcible Entry and Detainer, Restitution, and Collection of Monies Due" was filed on October 22, 1980. Plaintiff, in addition

to seeking defendant's eviction from the premises, prayed for judgment in the amount of rentals then owing.

Trial was held on December 8, 1980 at which time the Court ordered that the plaintiff be granted restitution of the premises, such order being stayed for thirty (30) days, together with a money judgment in the sum of $540.00 representing accrued rentals, plus costs to be taxed. The Court declined to apply any setoff to this award because there was insufficient evidence of the value of defendant's damages. Defendant now asks the Court to reconsider its position and modify the judgment, or in the alternative, for a new trial.

Specifically, the defendant asserts that the Court's refusal to setoff from the judgment those sums which represent a reduction in the rental value of the property is a failure to exercise its equity jurisdiction. Further it is contended that this finding is against the weight of evidence. When the evidence adduced at trial is examined, however, it is revealed that the precise reason the Court declined to apply the equitable remedy of setoff was that insufficient evidence existed to support a finding on this point.

■ The defendant testified that water was included in the rent of $180.00 a month but that during the rental period the water supply ran out and she had to purchase water. She now asserts that the cost of the purchase should be setoff. No figures relating to these purchases of water were introduced in evidence. A finding by the Court of a sum expended for water purchases or the number of times the supply ran out would be sheer guesswork. In defendant's supporting Memorandum of Law, she states that "several" purchases were made. Webster's Dictionary defines "several" as meaning "more than two, but not many." This Court will not speculate on how many is too many.

■■ The defendant also asserts that her uncontroverted testimony that the value of the rented property was approximately "half" of the $180.00 should be sufficient evidence to support a setoff. While it may be that the witness' testimony was an accurate statement as to her belief as to the value of the property, the weight to be given the statement insofar as it concerned the fair market rental value of the house is minimal. It is simply not enough for the defendant to be allowed to quote any figure and have that figure accepted as fact. There was no foundation laid that the defendant was in the habit of examining and leasing rental properties or had any knowledge of the rental value of properties which would give

209

rise to the acceptance of her assertion as a fact under Rule 701, F.R. Evid. The defendant asserts "that while value may not be an area generally subject to lay opinion testimony, this Court should consider defendant's testimony similar to that of an owner of property. An apartment dweller in today's society is comparable to an owner of real estate . . . . The testimony of the defendant would be the equivalent of testimony as to the cost of food in today's supermarket."[1] This proposition is legally correct, if it is established with some degree of certainty that the person testifying purchases such goods as a matter of course or routine, or *is in some way familiar* with those items. The lack of this foundation, without proper objection at trial, does not go to its admissibility, but certainly does affect its weight and credibility.

■■ The Court is cited to Virgin Islands Housing Authority v. Joseph, 13 V.I. 508 (Terr. Ct. 1977), a case of similar factual nature. There the amount of judgment, which represented the total of past due rents, was reduced by 25% because the defendants did not get what they bargained for. Statutory authority for the setoff is found in 28 V.I.C. § 751(a). The burden of proof, that is, by a preponderance of the evidence, is on the defendant to establish what percentage should be setoff. The defendant's testimony in this case, without more, simply did not meet that burden.

The Court notes that in Joseph the judge conceded that the figures arrived at for the setoff were "admittedly estimates." Joseph, supra at 515. Any question, however, as to what standard should be used in determining sufficiency of the evidence seems to have been resolved by the District Court in Cruz v. Cruz, 16 V.I. 189, (D.V.I. 1979). In that case the trial court awarded the defendant 25% of the value of improvements installed on a tract of real estate. Although at trial there was no specific evidence as to the exact amounts expended by the individuals involved, the court believed it had sufficient evidence of contribution before it to warrant the finding. Judge Young disagreed and reversed, holding:

> Juanita, as counterplaintiff, was required to prove the value of the improvements attributable to her labor or financial contributions. Berman v. Herrick, 346 F.2d 116, 117 (3rd Cir. 1965). If she is to be awarded 25% of the present value of the improvements *there must be some evidence from which one could reasonably conclude that 25% of the original value of improvements were attributable to her labor or financial contributions.*

[1] Defendant's Memorandum of Law, Typescript page 2.

*There was evidence that Juanita contributed both money and labor. However, there was no evidence as to the total amount of either type of contribution, nor was there any evidence from which these contributions could be related on a percentage basis of the total value of the improvements. Thus, a judgment which awards Juanita 25% of the present value of the improvements on the basis of the evidence in the record can only be* considered wholly *arbitrary.* Thus, the trial court's determination as to the value of the improvements attributable to Juanita is clearly erroneous. Dickens v. United States, 545 F.2d 886 (5th Cir. 1977); Hendry v. Hendry, 1978 St. Croix Supp. 432 (D.C.V.I.).

Id. at Typescript p. 4. (Emphasis added.) There is no material variance between the cases regarding the standard used to determine whether a party has introduced sufficient evidence to meet its burden of proof and this Court is bound by the holding of the District Court. Additionally, the case law from other jurisdictions is either not applicable, not helpful, or lacking in sufficient facts to persuade the Court that a contrary result should be reached.[2] Accordingly, the motion is denied.

---

[2] See, e.g., Sisisky v. Enfield Chrysler-Plymouth, Inc., 256 A.2d 260, 265 (Conn. Cir. Ct. 1968) (trial court's denial of setoff, in action to recover rent, based on credibility of evidence introduced will not be disturbed on appeal); Hathaway v. Gorfine, 216 S.E.2d 338, 339 (Ga. Ct. App. 1975) (in suit between landlord and tenant sufficient facts presented to support verdict on counterclaim); Weible v. Kline, 100 N.W. 2d 102, 105 (Iowa 1959) (in declaratory judgment to construe lease, appellate court states without citing basis for holding "record supports finding of court in this accounting"); L & M Investment Co. v. Morrison, 605 P. 2d 1347, 1348 (Or. Ct. App. 1980) (case with similar circumstances where defendant testified that defects reduced rental value by 75%. Such testimony, *plus pictures of defects,* constituted sufficient evidence to award setoff).