**Rud v. Haleem**

C.P. of Monroe County, No. 1840 CIVIL 2015

WILLIAMSON, *J.*, June 10, 2015—This matter comes before us on Preliminary Objections to Plaintiffs' Complaint filed by Defendant Deen Haleem on April 17, 2015. Thomas Rud and Cindy Walker (hereafter "Plaintiffs") filed the underlying Complaint on March 11, 2015. Plaintiffs filed a Brief Contra Defendant Deen Haleem's Preliminary Objections on May 26, 2015.

## Background

On September 2, 2014, Plaintiffs attended a real

estate closing in Monroe County at which time Plaintiffs purchased from Defendants property located at 74 Douglas Drive, Covington Township, Lackawanna County, Pennsylvania, for a purchase price of $386,500. Immediately prior to closing, Plaintiffs performed a pre-closing inspection and discovered that argumentative allegations, or expressions of opinions." *Penn Title Ins. Co. v. Deshler*, 661 A.2d 481,483 (Pa. Cmwlth. 1995).

Defendant Deen Haleem's first preliminary objection is that Plaintiffs' Complaint is in violation of Pa.R.C.P. 1028(a)(6) because this claim arises out of an Agreement of Sale which contains a clause for alternative dispute resolution which states that mediation must take place before any legal action is taken. Plaintiffs argue in response that this cause of action arises out of the oral agreement between the parties which is separate from the written Agreement of Sale.

In *Kravitz v. Mudry*, the Superior Court of Pennsylvania affirmed a holding that a purchaser's waiver of the right to refuse to make settlement and accept a deed if vendor failed to properly construct a house was valid consideration for oral agreement by vendor to make necessary repairs after settlement. *Kravitz v. Mudry*, 189 A.2d 311 (Pa. Super. 1963). In that case, the two parties entered into a written agreement of sale for a house which was under construction. *Id.* The plaintiffs in that case alleged that they were induced into completing settlement by an oral agreement in which the defendant agreed to remedy certain defects in the house after closing. *Id.* The court in that case stated:

"If the builder or vendor failed to properly construct the house the purchaser could refuse to accept the deed or to make settlement. Under the circumstances the waiver of this right to refuse to make settlement furnishes a valid consideration for the agreement by the vendor to make the necessary repairs after settlement. Thus, the cause of action is based on an entirely separate agreement, distinct from the agreement of sale. Since this separate agreement is supported by consideration it is legally enforceable and evidence to establish this agreement is clearly admissible.

*Id.* at 312.

Here, as in *Kravitz*, Plaintiffs allege that they were induced into completing settlement of the purchase based on an oral agreement in which Defendants agreed to remedy a defect in the house after closing. Unlike *Kravitz*, the house in this case was not under construction, but the purchaser still had a right to refuse to make settlement if there were defects in the house discovered during a walk through. The consideration in this case would be waiving that right to refuse to go through with settlement after Plaintiffs discovered the defect in exchange for Defendants remedying the defect after closing. If the alleged oral agreement is found to be credible, the oral agreement would be a separate agreement supported by consideration and legally enforceable.

Also, Plaintiffs allege that Defendants sent over an HVAC technician to attempt to remedy the defect. If this is found to be true, this action would be implicit acknowledgment of an oral agreement between the two parties. Further, Paragraph 18 of the Agreement of

Sale sets forth the guidelines to follow for both parties if defects are discovered prior to closing. If Defendants did send an HVAC technician to attempt to remedy the defect in the house, rather than follow the parameters set forth in the Agreement of Sale, this would also be implicit acknowledgment that the oral agreement was meant to be separate from the written Agreement of Sale.

Defendant Deen Haleem's second preliminary objection is that Plaintiffs' Complaint is in violation of Pa.R.C.P. 1028(a)(1) for improper venue. Defendant Deen Haleem also cites Pa.R.C.P. 1006(a)(2) and argues that the property is located in Lackawanna County which would make that county the proper venue. Defendant Deen Haleem further states that Monroe County is an improper venue because the claim of unjust enrichment is for equitable relief and the property at issue is located in Lackawanna County. Plaintiffs argue in response that this cause of action arises out of the oral agreement which took place in Monroe County and that this claim is for legal relief, not equitable relief.

As to venue, an action against an individual may be brought in and only in a county in which;

(1) The individual may be served or in which the cause of action arose or where a transaction or occurrence took place out of which the cause of action arose or in any other county authorized by law, or

(2) The property or a part of the property which is the subject matter of the action is located provided that equitable relief is sought with respect to the property.

Pa.R.C.P. 1006.

In *Meehan v. Cheltenham Twp.*, the Supreme Court of Pennsylvania analyzed a claim requesting money damages based on unjust enrichment and stated that; "Law courts can and do apply equitable principles so long as the remedy sought is one within their power to grant. Since law courts can give the remedy of money damages, an adequate remedy existed at law in the form of an action in assumpsit and equity therefore had no jurisdiction." *Meehan v. Cheltenham Twp.*, 189 A.2d 593, 595 (Pa. 1963).

As this court discussed above, the cause of action for this claim arises out of the alleged oral agreement between the parties. The oral agreement allegedly took place in Monroe County which would make Monroe County the venue in which this particular cause of action arose. Thus, Monroe County is a proper venue for these proceedings. Further, as in *Meehan*, the unjust enrichment claim in this case is for money damages which is a legal remedy. Since this is not a claim for equitable relief, it is not necessary that the venue be the county in which the property at issue is located.

Defendant Deen Haleem's third preliminary objection is that Plaintiffs' Complaint is in violation of Pa.R.C.P. 1028(a)(2) for failure to conform to law or rule of court because Plaintiffs failed to attach the real estate contract between the parties. As we stated above, this cause of action arises out of the alleged separate oral agreement between the parties and not any written contract. Therefore, Plaintiffs are not required to attach the real estate contract between the parties to their Complaint.

## Conclusion

Since this court finds that the cause of action in this case arises out of the alleged oral agreement between the two parties, and not out of the written Agreement of Sale, the provision in the Agreement of Sale stating that the parties would mediate any dispute pursuant to the Agreement of Sale is inapplicable. Also, since the oral agreement allegedly took place in Monroe County, Monroe County is a proper venue for this claim. Further, Plaintiffs are not required to attach any written contracts to their Complaint because the cause of action arises out of an oral agreement.

## ORDER

AND NOW, this 10th day of June, 2015, upon consideration of the Preliminary Objections filed by Defendant Deen Haleem, Defendant Deen Haleem's Preliminary Objections are DENIED.