[J-58-2017] [MO: Saylor, C.J.]

**IN THE SUPREME COURT OF PENNSYLVANIA**
**EASTERN DISTRICT**

| | | |
|---|---|---|
| SCF CONSULTING, LLC, | : | No. 7 EAP 2017 |
| | : | |
| Appellant | : | Appeal from the Judgment of Superior |
| | : | Court entered on 7/8/2016 at No. 1413 |
| | : | EDA 2015 affirming the Order entered |
| v. | : | on 4/24/2015 in the Court of Common |
| | : | Pleas, Philadelphia County, Civil |
| | : | Division at No. 01613 February Term, |
| BARRACK, RODOS & BACINE, | : | 2015. |
| | : | |
| Appellee | : | ARGUED:  September 12, 2017 |

## CONCURRING OPINION

**JUSTICE DOUGHERTY**                    **DECIDED:  December 19, 2017**

I join the Opinion Announcing the Judgment of the Court ("OAJC") in full, and agree that fee-splitting agreements between attorneys and non-attorneys should not be held to be automatically unenforceable.  *See* OAJC, slip op. at 6.  I write separately to articulate an additional danger of a bright-line *per se* rule.  As noted by Justice Wecht in his dissenting opinion, holding fee-splitting agreements between attorneys and non-attorneys are always unenforceable may not discourage attorneys from entering into such unenforceable agreements.  Dissenting Opinion at 3.  In fact, it is my view that a *per se* rule might have the effect of emboldening unscrupulous attorneys — who are often in a superior negotiating posture as compared with their non-attorney contracting counterparts — to enter into illusory fee-splitting agreements with full knowledge the agreement may never be enforced.  *See, e.g., Geisinger Clinic v. Di Cuccio,* 606 A.2d 509, 512 (Pa. Super. 1992) ("If the promise is entirely optional with the promisor, it is

said to be illusory and, therefore, lacking consideration and unenforceable. The promisor has committed him/herself to nothing.") (internal citations omitted). Under such circumstances, the non-attorney who has performed under the contract, seeks payment and is rebuffed, will be left without a remedy at law for the breach. Even if equitable remedies are available, their outcome is far less certain and potentially more limited than an action for breach of contract. *See, e.g., D.A. Hill Co. v. Clevetrust Realty Investors*, 573 A.2d 1005, 1009 (Pa. 1990) (to recover under equitable theory of unjust enrichment, party seeking recovery must demonstrate other party received and retained benefit without providing compensation); *Meehan v. Cheltenham Twp.*, 189 A.2d 593, 595 (Pa. 1963) (to recover under equitable remedy of unjust enrichment, party seeking restitution must demonstrate: "(1) an enrichment, and (2) an injustice resulting if recovery for the enrichment is denied."); *see also Burgettstown-Smith Twp. Joint Sewage Auth. v. Langeloth Townsite Co.*, 588 A.2d 43, 45 (Pa. Super. 1991) ("The most significant requirement for recovery is that the enrichment is unjust. We must focus not on the intention of the parties but on the extent [to which] the enrichment is unjust.") (internal citations omitted).

In my view, allowing a case-by-case determination of the validity of a given fee-splitting agreement via a breach of contract action will not undermine or conflict with any additional potential consequences an attorney may face in disciplinary proceedings for running afoul of the Rules of Professional Conduct.