# IN THE SUPREME COURT OF PENNSYLVANIA
## EASTERN DISTRICT

| | | |
|---|---|---|
| RONALD STOCKTON, | : | No. 23 EAP 2019 |
| | : | |
| Appellant | : | Appeal from the Order of |
| | : | Commonwealth Court dated July 8, |
| | : | 2019 and exited July 8, 2019 at No. |
| v. | : | 508 MD 2018. |
| | : | |
| | : | |
| SECRETARY OF CORRECTIONS-JOHN | : | |
| WETZEL, CHIEF GRIEVANCE OFFICER | : | |
| KERI MOORE, ACCOUNTANT 1- | : | |
| CHRISTINE SPENCER, | : | |
| | : | |
| Appellees | : | |

## CONCURRING STATEMENT

**JUSTICE WECHT**                                                     **DECIDED:  April 22, 2020**

I concur in the Court's decision to affirm the Commonwealth Court's order dismissing Ronald Stockton's petition for review.  I write separately to highlight the ways in which I believe the courts of our Commonwealth have done a disservice here.

Stockton claims that his sentencing orders are invalid. Stockton originally was sentenced in 2007, but he then received new (unsigned) orders in 2010 and again in 2012 (this time signed, but by a different judge).  The 2007 orders imposed costs and fees totaling $489 at each docket number, in addition to two concurrent sentences of 10 to 20 years' imprisonment.  The 2010 and 2012 orders, meanwhile, imposed costs and fees of $606.64 and $571.30 at the respective docket numbers and changed Stockton's term of imprisonment to 5 to 10 years at each docket, but running consecutively. The terms of the imprisonment reflected in the 2010 and 2012 orders were consistent with the sentence that the trial court orally described in the first instance.

Stockton first filed a claim under Act 84, *see* 42 Pa.C.S. § 9728, claiming that the Department of Corrections ("DOC") was deducting funds from his account in reliance upon "false" documents, referring to the allegedly invalid sentencing orders. Amended Petition for Review, 31 MD 2011, at ¶¶ 9, 14. The Commonwealth Court dismissed Stockton's petition, reasoning that his complaint was barred by the six-month statute of limitations. *Stockton v. Dougherty*, 31 MD 2011 (Pa. Cmwlth. July 10, 2012). We affirmed the Commonwealth Court's decision in a *per curiam* order. *Stockton v. Dougherty*, 88 A.3d 968 (Pa. 2014) (*per curiam*).

Next, in October 2012, Stockton filed a *pro se* petition under the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S. §§ 9541-46, claiming, *inter alia*, that DOC was deducting funds from his accounts illegally because his sentencing orders were invalid. At a hearing regarding the petition, Stockton's counsel raised the deductions issue. The Commonwealth's attorney responded that the deductions issue was not a claim that could be made under the PCRA. *See* Notes of Testimony, PCRA Hearing, 12/1/2014, at 23 ("That's not a PCRA issue."); *id.* at 25 ("That doesn't fall under [the] PCRA, Your Honor, so we wouldn't handle that. . . . [I]t would not [be] for this Court to address."). The PCRA court apparently agreed with the Commonwealth, noting in its decision that the deductions issue was "improperly raised in [Stockton's] PCRA petition." PCRA Ct. Op., 8/10/2015, at 6 n.5. Stockton, in the court's view, "should have brought his petition as a petition for review of a governmental determination under the Commonwealth Court's original jurisdiction." *Id.*

Although Stockton asked to pursue his appeal *pro se,* arguing that his counsel "left out assertions in [the] original [PCRA] Petition," *Pro Se* Notice of Appeal, 661 EDA 2015, at unpaginated 1; *see also id.* (asking that his counsel "not waive any issues on appeal that [Stockton] raised"), Stockton's counsel did not raise the deductions issue in

Stockton's Superior Court brief. *See* Stockton's Brief, 661 EDA 2015. The Superior Court affirmed the PCRA court's order dismissing the PCRA petition without mentioning the deductions issue. *Commonwealth v. Stockton*, 661 EDA 2015, 2016 WL 1052210 (Pa. Super. Mar. 16, 2016). We denied *allocatur*. *Commonwealth v. Stockton*, 144 A.3d 200 (Pa. 2016) (*per curiam*).

Stockton took the PCRA court's advice and filed a petition for review in the Commonwealth Court's original jurisdiction. This time, the Commonwealth Court determined that, "[t]o the extent that [Stockton] seeks to have the sentencing orders vacated," it lacked jurisdiction to grant the requested relief. *Stockton v. Wetzel*, Memorandum and Order, 508 MD 2018, at unpaginated 2 (Pa. Cmwlth. July 8, 2019). The court observed that it was not the correct forum for Stockton to "collaterally attack a criminal sentence." *Id.*

The end result is this. Stockton filed a PCRA claim in part based upon his claim that DOC illegally deducted money from his account. The PCRA court dismissed the deductions claim, writing that Stockton should have pursued such a claim in the Commonwealth Court's original jurisdiction. Stockton then filed his claim in the Commonwealth Court's original jurisdiction. The Commonwealth Court concluded that Stockton was collaterally attacking his sentence and dismissed the claim, for lack of jurisdiction. Our courts have directed Stockton to a dead end.

I believe that the Commonwealth Court was correct in concluding that Stockton was making a collateral attack on his sentence. Although Stockton claims that an Act 84 suit is the appropriate vehicle to challenge the deductions, *see* Stockton's Brief at 8, it is apparent that he actually is attacking the validity of his sentence. *See* Stockton's Reply Brief at 5 ("According to the letter of the law we can go so far as to say technically Appe[llant] is not sentenced at all as it was not done in the time prescribed by law.").

While Stockton wishes to have DOC stop deducting funds from his account, adjudication of that issue requires a determination of whether his sentence is valid. And "the language of the PCRA clearly requires that an individual seeking relief from the judgment of sentence itself . . . pursue his request for relief through the PCRA." *Commonwealth v. Descardes*, 136 A.3d 493, 501 (Pa. 2016).

Stockton has not been well-served by the courts of this Commonwealth. No matter what the underlying merits of a claim may be, our courts must be open to all those who come before them, seeking to invoke their jurisdiction. It was not appropriate for our courts to toss Stockton's claims back and forth, rather than adjudicating those claims, no matter what the end result may be. We do injustice when we do not give full consideration to each and every individual that seeks relief from our Commonwealth's courts, no matter that individual's incarceration status.

There should have been a way to direct Stockton to the appropriate tribunal. When the Commonwealth Court concluded that it lacked jurisdiction over Stockton's appeal, the court should have turned its attention to Pennsylvania Rule of Appellate Procedure 751, entitled "Transfer of Erroneously Filed Cases." That rule states:

> **(a) General rule.** If an appeal *or other matter* is taken to or brought in a court or magisterial district which does not have jurisdiction of the appeal or other matter, the court or magisterial district judge *shall not quash such appeal or dismiss the matter, but shall transfer the record thereof to the proper court of this Commonwealth*, where the appeal or other matter shall be treated as if originally filed in transferee court on the date first filed in a court or magisterial district.

Pa.R.A.P. 751(a) (emphasis added); *see also* 42 Pa.C.S. § 5103(a). The language of Rule 751 does not seem to allow any leeway. A court "shall transfer the record thereof to the proper court."[1] In choosing to dismiss the matter, the Commonwealth Court relied

---

[1] I recognize that a more typical situation involving transfer involves a notice of appeal that a party erroneously files in the wrong court. For example, a party could appeal

upon its own precedent in *Guarrasi v. Scott*, 25 A.3d 394 (Pa. Cmwlth. 2011). *Guarrasi*, however, involved an individual who had a PCRA petition pending when he filed his petition for review in the Commonwealth Court. *See id.* at 402. Thus, it does not necessarily dictate the outcome of the Commonwealth Court's dismissal in this instance.

There are instances in which this Court has refused to transfer a matter, notwithstanding Rule 751's clear language. Recently, in *Assouline v. Reynolds*, 219 A.3d 1131 (Pa. 2019), given a party's "tortured and ill-fated attempt to plead [the] matter as a landlord-tenant action," we ordered the lower court to dismiss the case, rather than transfer it. *Id.* at 1141. *Assouline* cited to a plurality opinion in *Smock v. Commonwealth*, 436 A.2d 615 (Pa. 1981), in which three Justices agreed that "[i]n appropriate circumstances, a court may refuse, in the interest of judicial economy, to transfer a matter where that court determines that under no circumstances could the transferee tribunal grant the requested relief." *Id.* at 617. The plurality opinion in *Smock* did not cite Rule 751 or Section 5103. Rather, the plurality cited *Meehan v. Cheltenham Township*, 189 A.2d 593 (Pa. 1963). In *Meehan*, a plaintiff brought an unjust enrichment claim in equity, rather than at law. We determined that the law court had jurisdiction and that the claim could not lie in equity. However, we decided the underlying merits of the case anyway, reasoning that, "since the procedure upon transfer to the law side would be identical with that below, we will decide the case on the merits in order to terminate this litigation." *Id.* at 595. It should be noted that *Meehan* was decided before Rule 751 was promulgated in 1975. However, it is a far leap from our decision in *Meehan*, involving a plaintiff filing in equity, rather than at law, to a decision by the Commonwealth Court to dismiss a

---

a tax assessment dispute to the Superior Court, which would then transfer the appeal to the Commonwealth Court. *See* 42 Pa.C.S. § 762. However, the Superior Court has also transferred an appeal from a PCRA court to the Commonwealth Court's original jurisdiction. *Commonwealth v. Davis*, 2015 WL 7301634 (Pa. Super. Apr. 9, 2015).

collateral attack on a criminal conviction, rather than transfer the matter to a PCRA court. *Assouline*'s reliance upon the *Smock* plurality, which in turn relied upon *Meehan*, now appears a tenuous jurisprudential path, exemplifying the danger of creating (what appear to be) narrow judicial exceptions that eventually can exceed the scope of a rule's clear language.

In the interest of *stare decisis*, I agree here that we can apply the narrow, judicially-created exception to Rule 751. Stockton himself conceded that he did "not have a leg to stand on" under the PCRA because of the jurisdictional time bar. Petitioner's Response to Corrections Respondents' Preliminary Objections, 508 MD 2018 at ¶ 13; *cf.* Stockton's Brief at 9 (seemingly conceding that a PCRA petition would be "[f]utile"). Applying the *Smock* plurality's judicially-created exception, I agree that the Commonwealth Court did not err in dismissing Stockton's petition. Holding Stockton to his litigation position in this case, namely his concession that "under no circumstances" could a PCRA court "grant the requested relief," *Smock*, 436 A.2d at 617 (plurality), I concur in the Court's decision to affirm the Commonwealth Court's order. While I joined the opinion in *Assouline*, further reflection leads me to believe that we may need to revisit our judicially-created exception to Rule 751 in an appropriate case.