**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 20-2973
_____

WILLIAM MORLOK; ADAM NOVICK; THEODORE LEWIS, INDIVIDUALLY
AND ON BEHALF OF ALL OTHERS SIMILARLY SITUATED,
Appellants

v.

CITY OF PHILADELPHIA
_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(No. 2-17-cv-04213)
District Judge:  Hon. Michael M. Baylson
_____

Submitted Under Third Circuit L.A.R. 34.1(a)
January 25, 2022
_____

Before:  HARDIMAN, SHWARTZ, and FUENTES, <u>Circuit Judges</u>.

(Filed: January 26, 2022)
_____

OPINION[*]
_____

---

[*] This disposition is not an opinion of the full court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

SHWARTZ, Circuit Judge.

Plaintiffs-Appellants ("Plaintiffs") and the putative class are electric vehicle ("EV") owners who, before 2017, had twenty-four-hour access to designated EV parking spaces adjacent to their homes pursuant to Section 12-1131 of the Philadelphia Code ("EV Program"). In 2017, Philadelphia (the "City") modified the code and limited EV-only access to 6:00 pm to 6:00 am ("2017 Amendment"), thereby permitting non-EVs to park in those spots for periods outside of those hours. Plaintiffs claim that the 2017 Amendment violates their substantive due process and equal protection rights and unjustly enriches the City.

The District Court dismissed the constitutional claims ("First Order"), Morlok v. City of Philadelphia, No. 17-4213, 2018 WL 6092719 (E.D. Pa. Nov. 21, 2018), and permitted discovery on the unjust enrichment claim, compelling production of documents reflecting the City's policies on attracting technology and business but barring discovery concerning the EV Program's "legislative history" ("Second Order"), App. 21 (August 9, 2019). Following discovery, the City moved for summary judgment on the unjust enrichment claim, which the District Court granted ("Third Order"). Morlok v. City of Philadelphia, No. 17-4213, 2020 WL 5101942 (E.D. Pa. Aug. 28, 2020).

Because the District Court did not err, we will affirm all three orders.[1]

---

[1] In the Third Order, the District Court also stated that it "need not decide Plaintiffs' Motion for Class Certification," Morlok, 2020 WL 5101942, at *3 n.1. Because Plaintiffs make only passing reference, and no argument on this subject, any challenge is forfeited. See FTC v. AbbVie Inc., 976 F.3d 327, 368 n.3 (3d Cir. 2020). cert. denied sub nom. AbbVie Inc. v. FTC, 141 S. Ct. 2838 (2021).

I[2]

A[3]

We first review the First Order, which dismissed Plaintiffs' substantive due process and equal protection claims under Fed. R. Civ. P. 12(b)(6).  According to the Amended Complaint, Plaintiffs each submitted applications, "obtained . . . a parking space at their respective places of residence," and installed EV chargers near the parking spaces.  App. 40-43.  Each was informed that "[a]n [EV space] should not be treated as a personal parking spot," as "[a]nyone with an [EV] is allowed to park in the [EV space]."  App. 55.  After the 2017 Amendment, non-EVs were permitted to occupy EV Program spaces during a twelve-hour period previously reserved for EVs.  Plaintiffs assert that this deprives them of access to their EV chargers in violation of their substantive due process and equal protection rights.

---

[2] The District Court had jurisdiction under 28 U.S.C. §§ 1331 and 1367.  We have jurisdiction under 28 U.S.C. § 1291.

[3] We exercise plenary review of a district court's order granting a motion to dismiss for failure to state a claim.  Burtch v. Milberg Factors, Inc., 662 F.3d 212, 220 (3d Cir. 2011).  We must determine whether the complaint, construed in the "light most favorable to the plaintiff," Santomenno ex rel. John Hancock Tr. v. John Hancock Life Ins. Co., 768 F.3d 284, 290 (3d Cir. 2014) (citation omitted), "contain[s] sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face,'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)), "but we disregard rote recitals of the elements of a cause of action, legal conclusions, and mere conclusory statements," James v. City of Wilkes-Barre, 700 F.3d 675, 679 (3d Cir. 2012).  "A claim has facial plausibility when the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  Ashcroft, 556 U.S. at 663.

B

Substantive due process under the Fourteenth Amendment "protects individual liberty against certain government actions regardless of the fairness of the procedures used to implement them." Newark Cab Ass'n v. City of Newark, 901 F.3d 146, 155 (3d Cir. 2018) (quotation marks and citation omitted). "Substantive due process contains two lines of inquiry: one that applies when a party challenges the validity of a legislative act, and one that applies to the challenge of a non-legislative action." Am. Express Travel Related Servs., Inc. v. Sidamon-Eristoff, 669 F.3d 359, 366 (3d Cir. 2012). When a legislative act is challenged, as here, we apply rational basis review if no "fundamental rights and liberty interests" are at issue. Heffner v. Murphy, 745 F.3d 56, 79 (3d Cir. 2014) (citations omitted); see also Nicholas v. Pa. State Univ., 227 F.3d 133, 139 n.1 (3d Cir. 2000) ("[e]xecutive acts . . . typically apply to one person or to a limited number of persons, while legislative acts, generally laws and broad executive regulations, apply to large segments of society").

The EV Program provides access to a parking space. Plaintiffs do not own the space, the space is not assigned to them, the City notified each Plaintiff that the space is not to be treated as any EV owners' personal parking space, and Plaintiffs are not given exclusive use of the space. App. 55. Rather, the EV Program allows "anyone with an [EV]" to park in the designated spaces, not a specific EV owner. Id.. Thus, Plaintiffs do not have a property interest in the EV spaces. Because we have not recognized a property right outside real property as "fundamental," Newark Cab, 901 F.3d at 155 (citation omitted), and although there may be non-real property rights that may be

4

deemed fundamental, Plaintiffs' purported right to the parking space is not fundamental regardless of the category into which it falls. Thus, rational basis review applies.

Under rational basis review, the ordinance will "withstand[] a substantive due process challenge if the state identifies a legitimate state interest that the legislature could rationally conclude was served" by the ordinance. Heffner, 745 F.3d at 79 (citation omitted); see also Am. Express, 669 F.3d at 366-67 (rational basis review requires "significant deference" to the legislature's decisions if it "rationally furthers *any* legitimate state objective") (citation and quotation omitted) (emphasis in original). The parties agree that the City has a legitimate interest in "providing more parking on [the congested] City streets." D. Ct. ECF No. 26 at 11. "One way to [provide more parking] was to amend the EV Ordinance to free up restricted parking for 12 hours a day." Id. at 12. Thus, the 2017 Amendment bears a rational relationship to the City's interest in reducing parking congestion, as spaces previously reserved for only one type of vehicle are now available to other types of vehicles for half of each day.

Plaintiffs argue that the means selected—reducing the hours in which EV spaces are reserved for EVs—are (1) overly broad, (2) unnecessary, and (3) misguided. None of these objections requires us to conclude the 2017 Amendment violates substantive due process. First, the means selected need not be narrowly tailored to survive rational basis review. See Lindsey Coal Mining Co. v. Chater, 90 F.3d 688, 694-95 (3d Cir. 1996) ("Just because a measure is over- or under-inclusive will not render it irrational."). Second, Plaintiffs' argument that reducing the hours when EV spaces are reserved for EVs was unnecessary, as the City Council could have instead chosen to reduce parking

5

reserved for people with disabilities, is irrelevant. Rational basis review does not require the means chosen to be the only or best way to further the legitimate state interest. See Heffner, 745 F.3d at 83–84. Third, Plaintiffs contend that modifying sixty-eight EV spaces would not meaningfully increase available parking, but the 2017 Amendment does not violate substantive due process merely because it makes incremental progress. See Stretton v. Disciplinary Bd. of Supreme Ct. of Pa., 944 F.2d 137, 146 (3d Cir. 1991). Because the 2017 Amendment's reduction of the hours the designated spaces are reserved for EVs is rationally related to the goal of increasing available parking, the 2017 Amendment does not violate Plaintiffs' substantive due process rights.[4]

C

The District Court also correctly dismissed Plaintiffs' equal protection claim. The Equal Protection Clause dictates "that all persons similarly situated should be treated alike." City of Cleburne v. Cleburne Living Ctr., 473 U.S. 432, 439 (1985). Where, as here, a challenged state action does not burden a fundamental right or target a suspect class, rational basis review applies. Connelly v. Steel Valley Sch. Dist., 706 F.3d 209, 213 (3d Cir. 2013). Under this standard of review, "legislation is presumed to be valid

---

[4] Plaintiffs cite Landgraf v. USI Film Products, 511 U.S. 244 (1994), to argue that the 2017 Amendment has "retroactive" effect and thus does not "withstand scrutiny." Appellants' Br. at 10–11. Even if the concept of retroactivity was apt (and it likely is not because the 2017 Amendment does not govern actions prior to 2017), it is irrelevant because rational basis review still applies. See, e.g., United States v. Carlton, 512 U.S. 26, 35 (1994) (holding no violation of due process where retroactive application of a legislative amendment is "rationally related to a legitimate legislative purpose").

and will be sustained if the classification drawn by the statute is rationally related to a legitimate state interest." Cleburne, 473 U.S. at 440 (citations omitted).

Plaintiffs argue the District Court erred in finding that the relevant "similarly situated" group is "all vehicle owners in Philadelphia who [use] parking spaces reserved for EVs under" the EV Program, Morlok, 2018 WL 6092719, at *7.[5] Plaintiffs contend that the relevant "similarly situated" group includes drivers who use loading zones, car share service parking, handicapped parking, and spaces made unavailable to provide access to a private driveway or private garage. Appellants' Br. at 15-16.

Plaintiffs' equal protection claim fails for two reasons. First, Plaintiffs are not similarly situated to the comparators they identify. Persons are "similarly situated" only when they are alike in "all relevant aspects." Startzell v. City of Philadelphia, 533 F.3d 183, 203 (3d Cir. 2008) (citation omitted). Plaintiffs are in a different position from, for example, drivers who use accessible parking spaces. EV owners voluntarily chose to drive electric vehicles, whereas the need for accessible spaces is not voluntary. Thus, the legislative decision to change the hours in which EV spaces are reserved for EVs modifies a convenience, whereas changing the availability of accessible parking spaces could cause a hardship. Cf. Marcavage v. Nat'l Park Serv., 666 F.3d 856, 860 (3d Cir.

---

[5] Plaintiffs also argue that they were treated differently from other EV owners because they installed chargers near the spaces while other EV owners did not. The 2017 Amendment treated all EV owners the same: all EV owners must compete with non-electric vehicle owners to use EV spaces during the hours of 6:00 am to 6:00 pm, regardless of whether they live adjacent to the EV space or have invested money in an EV charger. The fact that Plaintiffs invested in chargers only indicates that they had a hand in selecting which parking spaces would be designated under the EV Program, but as they were informed, that gave them no entitlement to the eventual space.

2012) (holding that a person escorted from a public sidewalk for leading a demonstration without a permit was not similarly situated to others using the sidewalk for non-demonstration purposes). Second, even if we were to assume that Plaintiffs' identified groups are "similar" to Plaintiffs, the City had a legitimate interest in reducing parking congestion, and it rationally chose one method—making EV spots available to non-EVs for part of the day—in pursuit of that goal. The fact that other users of other restricted parking spaces were unaffected does not mean the 2017 Amendment did not further a legitimate state interest. The District Court thus correctly dismissed Plaintiffs' equal protection claim.

## II[6]

Plaintiffs also appeal the Second Order, which precluded discovery of certain information. Plaintiffs sought, among other things, constituent communications, City Council documents, and communications with the Mayor's office "relating to the [EV] Program," S. App. 83-88, and argued that they were relevant to "the drafting and amendment of the [EV Program]," "the City's efforts to promote itself as . . . environmentally . . . advanced," and the "City's deprivation of the Plaintiffs' ability to use their [EVs] and infrastructure to charge them," S. App. 89. The District Court compelled production of "written policies, promotions, etc. on attracting technology and

---

[6] We review discovery orders "for abuse of discretion." In re Orthopedic Bone Screw Prod. Liab. Litig., 264 F.3d 344, 365 (3d Cir. 2001).

8

business to the City" but precluded depositions and the production of documents concerning "legislative history about the ordinance or the amendment." App. 21.

The District Court did not abuse its discretion in limiting discovery in this way. "Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case." Fed. R. Civ. P. 26(b)(1). When the District Court issued its discovery order, unjust enrichment was the only claim remaining in the case. Unjust enrichment claims focus on whether a defendant unfairly retained a benefit given by the plaintiff, not the defendant's motivations. See Schenck v. K.E. David, Ltd., 666 A.2d 327, 328 (Pa. Super. Ct. 1995). Plaintiffs sought information regarding the reasons the City initiated the EV Program, which would not reveal whether the City unjustly retained a benefit Plaintiffs conferred. Because Rule 26 limits the scope of discovery to information relevant to claims and defenses, and the information sought is not relevant to the unjust enrichment claim, the District Court acted within its discretion to limit discovery.

III[7]

A

Plaintiffs also challenge the Third Order, in which the District Court granted summary judgment to the City on Plaintiffs' unjust enrichment claim. To succeed on an

---

[7] We review a district court's order granting summary judgment de novo, Mylan Inc. v. SmithKline Beecham Corp., 723 F.3d 413, 418 (3d Cir. 2013), and we view the facts and make all reasonable inferences in the non-movant's favor, Hugh v. Butler Cnty. Family YMCA, 418 F.3d 265, 267 (3d Cir. 2005). Summary judgment is appropriate where "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The moving party is entitled to

9

unjust enrichment claim, Plaintiffs must prove: (1) a "benefit[] conferred on [the City] by [Plaintiffs]," (2) "appreciation of such benefit[] by [the City]," and (3) "acceptance and retention of such benefit[] under such circumstances that it would be inequitable for [the City] to retain the benefit without payment of value." Mark Hershey Farms Inc. v. Robinson, 171 A.3d 810, 817 (Pa. Super. Ct. 2017). Discovery produced the factual record upon which the summary judgment motion was based, and we next recite the facts material to the elements of the unjust enrichment claim.

B

The City has established several environmentally conscious programs and issued reports describing its sustainability plans. With respect to EVs, the reports mentioned the City's installation of EV chargers, EVs in the City's rideshare program, and the EV Program. The City also touted its sustainability efforts in social media posts, but none mention EVs or the EV Program.

Plaintiffs voluntarily participated in the EV Program, purchased an EV, installed a charger on their property near the assigned EV space at their own expense, recognized that any EV could park in the EV space near their home, and believed the chargers increased the value of their homes. In addition, Plaintiffs stated they were "induced by the City to apply for an [EV] space by the City's adoption of [the EV Program] as

---

judgment as a matter of law when the non-moving party fails "to make a sufficient showing on an essential element of her case with respect to which she has the burden of proof." Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986).

10

originally written," S. App. 73, and would not "be able to charge their respective electric vehicles without their designated electric vehicle parking spots," S. App. 73.

C

Plaintiffs contend that the City received two benefits from their participation in the EV Program: (1) improvements to City infrastructure and (2) enhanced reputation. Neither, however, is a compensable benefit and thus the District Court correctly granted summary judgment in the City's favor. See DiCarlo v. St. Mary Hosp., 530 F.3d 255, 268 (3d Cir. 2008) ("In the absence of a benefit conferred, there can be no claim for unjust enrichment . . . .").

First, Plaintiffs presented no evidence that the City received a benefit from their installation of EV chargers. Plaintiffs installed the charges on their own property, and thus they did not improve public infrastructure.

Second, even if the City gained a reputational benefit from Plaintiffs' participation in the EV Program, that benefit cannot be compensated under the law of unjust enrichment. As the District Court correctly noted, unjust enrichment claims cannot be based on "speculative" or "intangible" benefits. See Feather v. United Mine Workers of Am., 711 F.2d 530, 541 (3d Cir. 1983) (denying recovery on an unjust enrichment theory of prejudgment interest where the plaintiff failed to prove the amount of the alleged economic benefit); see also Tempo Networks LLC v. Gov't of NIA, No. 2:14-06334, 2016 WL 2625026, at *3 (D.N.J. May 9, 2016) (finding that a defendant was not unjustly enriched by "benefits and promotion . . . for many years" where the defendant failed to pay for "recording, producing, and airing" certain television programs because the benefit

11

was "too speculative"). Plaintiffs presented no evidence from which a factfinder could determine the value of what the City "reaped" from Plaintiffs' participation in the City's effort to "proclaim[] itself on the path to being 'the greenest city in America.'" D. Ct. ECF No. 61 at 10; see also Meehan v. Cheltenham Twp., 189 A.2d 593, 595 (Pa. 1963) ("[Plaintiff] cannot merely allege its own loss as the measure of recovery . . . but instead must demonstrate that [the defendant] has in fact been benefited.").

Because Plaintiffs have not presented evidence that the EV Program conferred a compensable benefit on the City, the District Court properly granted summary judgment on the unjust enrichment claim.

IV

For the foregoing reasons, we will affirm the orders of the District Court.